MATTER OF CÁDIZ

In Deportation Proceedings

A-14547666

*Decided by Board January 9, 1968*

Since the provisions of section 241(f) of the Immigration and Nationality Act, as amended, do not apply to fraud relating to a nonimmigrant entry, the benefits of that section are not available to respondent to waive her deportability based on entry with a nonimmigrant visa obtained by fraud.

CHARGES:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under section 212(a)(19), procured documentation by fraud.

Lodged: Act of 1952—Section 241(a)(5) [8 U.S.C. 1251(a)(5)]—Convicted under Title 18, U.S.C., section 1546.

| | |
|---|---|
| ON BEHALF OF RESPONDENT:<br>Nicholas Wai Yuen Char, Esquire<br>942 Maunakea Street<br>Honolulu, Hawaii 96817<br>(Oral argument waived) | ON BEHALF OF SERVICE:<br>Irving A. Appleman<br>Appellate Trial Attorney<br><br>Donald B. Anderson<br>Acting Trial Attorney<br>(Brief filed) |

This case is before the Board on certification from the special inquiry officer, who found respondent not deportable on either charge and terminated proceedings.

Respondent is a 24-year-old married female alien, native and citizen of the Philippines. She last entered the United States on October 7, 1964 at Honolulu, Hawaii, as a nonimmigrant visitor, presenting a passport and visa in the name of Romualda N. Vidad. This was admittedly not her true name, and to obtain her nonimmigrant visa she admittedly gave false information to the American Consul about, among other things, family ties in the Philippines, family members in the United States, and whether she had ever applied for a nonimmigrant visa before. The record before us does not show the period for which she was originally admitted as a visitor.

In May 1965, an order to show cause was issued, alleging that respondent entered the United States with a passport and visa she had

knowingly procured in a false name, and charging that she was, therefore, deportable under section 241(a)(1) as one who at the time of entry was excludable for having procured a visa or other documentation by fraud or willful misrepresentation under section 212(a)(19) of the Act.

Deportability on the charge in the order to show cause was conceded at the first hearing, held on June 18, 1965. Counsel informed the special inquiry officer that on May 14, 1965 respondent had married a naturalized citizen of the United States and that a petition for nonquota status for her would be filed shortly, together with an application for adjustment under section 245 of the Act, coupled with an application under section 212(i) for a fraud waiver. The hearing was adjourned to permit submission of these documents, which were received on July 20, 1965.

The Service presented respondent's case to the United States Attorney for prosecution under section 1546 of Title 18 U.S.C., and an indictment was filed on January 27, 1966, charging respondent with having "unlawfully obtained, accepted and received" a visa, "knowing the same to have been procured by means of false claims and statements and by fraud." When the indictment was filed, respondent was in the seventh month of pregnancy, and the criminal proceedings were held in abeyance until after the birth of the child. In May 1966, after trial, respondent was found guilty as charged. She was ordered to pay a fine of $300, imposition of sentence was suspended, and she was placed on probation for a period of five years.

A second hearing was held on May 11, 1967, and the Service lodged an additional charge of deportability, under section 241(a)(5), based upon the conviction. Respondent conceded deportability on the lodged charge. The hearing was closed without decision, the special inquiry officer stating that it was not yet certain to what extent the decision would be affected by the Supreme Court ruling in the case of *Immigration and Naturalization Service v. Errico*, 385 U.S. 214. He announced his intention of certifying his decision to this Board if no precedent decision in point should be rendered prior to his, and also advised respondent of her appeal rights if he should deny her application.

In his decision rendered on August 4, 1967, the special inquiry officer pointed out that the language of the order to show cause charge, relating to the securing of the nonimmigrant visa, was the very same language that appeared in section 241(f). He held it to be clear that Congress had intended section 241(f) to apply to both immigrant and nonimmigrant visas, and to any alien in the United States charged with having obtained a visa or entry by fraud. Since respondent had

the requisite family ties and had been otherwise admissible, he ruled that the charge in the order to show cause could not be sustained.

On the lodged charge, he stated:

\* \* \* The basis of the lodged charge was clearly the misrepresentation or fraud which is waived under section 241(f) of the Act. The Immigration Service has consistently held that this section also waives any deportation charge resulting directly from such representation, regardless of the statute under which the charge is brought. *Immigration and Naturalization Service* v. *Errico, supra, Matter of S—,* 7 I. & N. Dec. 715, *Matter of Y—,* 8 I. & N. Dec. 143. The lodged charge is therefore found not to be sustained.

In a further statement on his disposition of the case, the special inquiry officer pointed out that while section 241(f) waived deportability based on excludability for fraud or misrepresentation, it did not act to adjust respondent's status to that of an immigrant lawfully in the United States, and left her amenable to all applicable charges of deportability other than those resulting from the fraud or misrepresentation. He stated: .

\* \* \* It appears that the Service can either proceed against the respondent on a charge based on her remaining in the United States for a longer period than that for which she was admitted, or the District Director can adjust her status under section 245 of the Immigration and Nationality Act. Of course this issue is not before us in these proceedings which will be terminated but certified to the Board of Immigration Appeals for final determination.

The Service urges reversal of the special inquiry officer's decision, contending that section 241(f) is not applicable to fraud in obtaining a nonimmigrant visa, and that Congress did not intend to cover, by section 241(f), the separate ground of deportability under section 241(a)(5).

We do not believe it was ever contemplated or intended that section 241(f) should apply to fraud relating to a nonimmigrant entry. The history of this section and its predecessor (section 7 of the Act of September 11, 1957) shows that its purpose was to excuse deportability for fraud or misrepresentation so that an alien need not be separated from his American citizen or resident alien parents, spouse or children. (Cf. H. Rep. 1086, 87th Cong., 1st Sess.; H. Rep. 1199, 85th Cong., 1st Sess., 1957.) The misrepresentations constantly referred to were "place of birth, nationality, immigrant status, and the like \* \* \*," (H. Rep. 1199, *supra*), all material to entry or attempted entry for permament residence, and not basic to a determination as to whether a visitor's visa should issue. Entry as a nonimmigrant visitor, by statutory definition, was not for the purpose of family reunification, for before such a visa may issue, the alien must establish to the satisfaction of the consular officer that he has a residence in a foreign country which he has no intention of abandoning, and that he is visiting the United

States temporarily for business or pleasure (section 101(a)(15)(B), Immigration and Nationality Act). Further, there was no need for such a waiver for a nonimmigrant visitor; the Act already contained a provision permitting the granting of a discretionary waiver of the excludability provisions of section 212(a)(19) to one seeking to enter as a nonimmigrant visitor (section 212(d)(3)). The section was addressed to the need of the person who had already entered for permanent residence on a visa obtained by fraud or misrepresentation, who had close family in the United States and who, if he were found deportable on that ground and required to leave the United States, would forever thereafter be debarred from returning other than as a temporary visitor.

We hold, therefore, that respondent's deportability, based upon obtaining a nonimmigrant visa by fraud, is not excused by the provisions of section 241(f), and the special inquiry officer's decision terminating these proceedings cannot stand.

Respondent is the spouse and parent of American citizens. A petition for immediate relative status has already been approved on her behalf, and she has submitted an application for adjustment to permanent resident status under the provisions of section 245, together with an application for a fraud waiver under section 212(i). No consideration was given to these applications by the special inquiry officer because of his conclusion that respondent was not deportable as charged. Having found that respondent is deportable, we remand these proceedings for adjudication by the special inquiry officer of respondent's applications for discretionary relief from deportation.

ORDER: It is ordered that the decision of the special inquiry officer terminating proceedings be and the same is hereby set aside.

*It is further ordered* that these proceedings be remanded to the special inquiry officer for the purposes set forth above.