# In re Fidel JIMENEZ-Santillano, Respondent

File A90 355 520 - Seattle

*Decided July 24, 1996*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994), is not available to waive an alien's deportability under section 241(a)(3)(B)(iii) of the Act, 8 U.S.C. § 1251(a)(3)(B)(iii) (1994), as an alien convicted of a violation of 18 U.S.C. § 1546 (1994), because there is no comparable statutory counterpart to section 241(a)(3)(B)(iii) among the various grounds for exclusion enumerated in section 212(a) of the Act. Matter of Esposito, 21 I&N Dec. 1 (BIA 1995); *Matter of Hernandez-Casillas*, 20 I&N Dec. 262 (BIA 1990; A.G. 1991), *aff'd*, 983 F.2d 231 (5th Cir. 1993); *Matter of Wadud*, 19 I&N Dec. 182 (BIA 1984), followed.

FOR THE RESPONDENT: Maria Del Carmen Guerrero, Accredited Representative, El Paso, Texas

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Robert S. Hough, Assistant District Counsel

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSENBERG, MATHON, and GUENDELSBERGER, Board Members

FILPPU, Board Member:

The respondent, through counsel, has timely appealed from an Immigration Judge's decision, dated August 1, 1995, finding the respondent deportable as charged and statutorily ineligible for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1994), and adjustment of status under the "registry" provisions of section 249 of the Act, 8 U.S.C. § 1259 (1994). The principal issue on appeal is whether the respondent can invoke the salutary provisions of section 212(c) to waive his deportability under section 241(a)(3)(B)(iii) of the Act, 8 U.S.C. § 1251(a)(3)(B)(iii) (1994). We find that the Immigration Judge properly answered this query in the negative. The appeal will therefore be dismissed.

## I. BACKGROUND

The record reflects the following facts. The respondent is a 51-year-old native and citizen of Mexico who entered the United States on an unknown date prior to January 1, 1972. On January 12, 1989, the respondent's immigration status was adjusted to that of a lawful permanent resident, with temporary residence effective June 25, 1987. Subsequently, on August 29, 1994, the respondent was convicted in the United States District Court for the District of New Mexico of fraud and misuse of documents required for entry into the United States, in violation of 18 U.S.C. § 1546(a) (1994).[1]

Count 1 of the indictment, to which the respondent specifically pled guilty, reads as follows:

---

[1] The statute, 18 U.S.C. § 1546(a), provides as follows:

Whoever knowingly forges, counterfeits, alters, or falsely makes any immigrant or nonimmigrant visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, or utters, uses, attempts to use, possesses, obtains,accepts, or receives any such visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained; or

Whoever, except under direction of the Attorney General or the Commissioner of the Immigration and Naturalization Service, or other proper officer, knowingly possesses any blank permit, or engraves, sells, brings into the United States, or has in his control or possession any plate in the likeness of a plate designed for the printing of permits, or makes any print, photograph, or impression in the likeness of any immigrant or nonimmigrant visa, permit or other document required for entry into the United States, or has in his possession a distinctive paper which has been adopted by the Attorney General or the Commissioner of the Immigration and Naturalization Service for the printing of such visas, permits, or documents; or

Whoever, when applying for an immigrant or nonimmigrant visa, permit, or other document required for entry into the United States, or for admission to the United States impersonates another, or falsely appears in the name of a deceased individual, or evades or attempts to evade the immigration laws by appearing under an assumed or fictitious name without disclosing his true identity, or sells or otherwise disposes of, or offers to sell or otherwise dispose of, or utters, such visa, permit, or other document, to any person not authorized by law to receive such document; or

Whoever knowingly makes under oath, or as permitted under penalty of perjury under section 1746 of title 28, United States Code, knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document containing any such false statement—

Shall be fined under this title or inprisoned not more than 10 years, or both.

> On or about the 30th day of April 1992, and continuing on through on or about the 21st day of January, 1993, in Chaves County, in the State and District of New Mexico, the defendants . . . did knowingly sell and otherwise dispose of a document required for entry into the United States, an alien registration receipt card, that is a Resident Alien Card, Form I-551, in the name of . . . a person not authorized by law to receive said document.

Thus, the relevant clause of 18 U.S.C. § 1546(a) under which the respondent was convicted provides:

> Whoever . . . sells or otherwise disposes of, or offers to sell or otherwise dispose of, or utters, [an immigrant or nonimmigrant] visa, permit, or other document [required for entry into the United States], to any person not authorized by law to receive such document . . . [s]hall be fined under this title or imprisoned not more than 10 years, or both.

The respondent was sentenced to 2 years' probation for the offense.

At the deportation hearing below, the respondent admitted the factual allegations contained in the Order to Show Cause and Notice of Hearing (Form I-221) and conceded deportability as charged under section 241(a)(3)(B)(iii) of the Act. That section provides for the deportation of "[a]ny alien who at any time has been convicted . . . of a violation of, or an attempt or a conspiracy to violate, section 1546 of title 18, United States Code (relating to fraud and misuse of visas, permits, and other entry documents)." The respondent thereupon applied for a waiver of inadmissibility under section 212(c) of the Act and, in the alternative, adjustment of status under section 249 of the Act in conjunction with a waiver of inadmissibility under section 212(h) of the Act. *See* 8 C.F.R. §§ 242.17(a), 249.1 (1995).

The Immigration Judge determined that the respondent was statutorily ineligible for both forms of relief. Citing this Board's decision in *Matter of Wadud*, 19 I&N Dec. 182 (BIA 1984), and the Attorney General's decision in *Matter of Hernandez-Casillas*, 20 I&N Dec. 262 (BIA 1990; A.G. 1991), *aff'd*, 983 F.2d 231 (5th Cir. 1993), the Immigration Judge first held that the respondent could not invoke section 212(c) to waive his deportability under section 241(a)(3)(B)(iii) of the Act for his conviction because there is no statutory counterpart to that section among the various grounds of excludability. Next, citing our decision in *Matter of Bufalino*, 11 I&N Dec. 351 (BIA 1965), the Immigration Judge held that the respondent was ineligible for adjustment of status under section 249 of the Act because he was already a lawful permanent resident and, therefore a record of his lawful admission into the United States already existed. The Immigration Judge's finding with respect to the respondent's eligibility for "registry" under section 249 of the Act is not contested on appeal, and we do not address it.

## II. ISSUE ON APPEAL

On appeal, the respondent highlights the ground of inadmissibility provided in section 212(a)(6)(C)(i) of the Act relating to fraud or willful misrepresentation of a material fact in procuring a visa, entry into the United States, or other immigration benefit. He contends that this "willful

misrepresentation" ground is sufficiently comparable to 18 U.S.C. § 1546(a) to permit a section 212(c) waiver of his deportability under section 241(a)(3)(B)(iii).[2] The respondent argues that his application for such discretionary relief bears "unusual and/or outstanding equities," including 25 years of continuous residence in the United States, a lawful permanent resident spouse, two United States citizen children, other family ties, and certain hardship to the respondent and his family if he is deported. Accordingly, the respondent requests that we remand the record to the Immigration Judge for an evidentiary hearing on his eligibility for relief under section 212(c) as a matter of discretion. The Immigration and Naturalization Service supports the Immigration Judge's decision and argues that section 212(c) relief is unavailable to the respondent to waive his deportability under section 241(a)(3)(B)(iii) of the Act.

Our charge, then, is to determine whether the respondent can invoke section 212(c) of the Act to waive his deportability under section 241(a)(3)(B)(iii). We agree with the Immigration Judge's holding that a section 212(c) waiver is unavailable in these circumstances.[3]

## III. AVAILABILITY OF SECTION 212(c) WAIVER TO WAIVE DEPORTABILITY UNDER SECTION 241(a)(3)(B)(iii) OF THE ACT

Section 212(c) of the Act provides, in pertinent part, that aliens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to a lawful

---

[2] The respondent also contends on appeal that he is eligible for a waiver of inadmissibility under section 212(i) of the Act, and that section 212(i) may be applied to waive his deportability under section 241(a)(3)(B)(iii). *See generally Matter of Lazarte*, 21 I&N Dec. 214, 216-218 (BIA 1996) (discussing the section 212(i) waiver in a different context). The record reflects, however, that this issue was neither raised before, nor ruled upon by the Immigration Judge. Therefore, we will not decide the issue, for it is not properly before us. *See Matter of Edwards,* 20 I&N Dec. 191, 196 n.4 (BIA 1990); *Matter of Garcia-Reyes*, 19 I&N Dec. 830, 832 (BIA 1988); *cf. Matter of Samai*, 17 I&N Dec. 242, 243 (BIA 1980) (holding that an objection raised for the first time on appeal concerning improper notice of a deportation hearing was not untimely made because the respondent was previously unrepresented and had not made a knowing waiver of his procedural rights). We note, in any event, that the respondent's contention is baseless because a section 212(i) waiver may be invoked in deportation proceedings only in conjunction with an application for adjustment of status under section 245 of the Act, 8 U.S.C. § 1255 (1994). *See Matter of Gabryelsky*, 20 I&N Dec. 750, 754-55 (BIA 1993); 8 C.F.R. §§ 245.1(f), 242.17(a) (1995). The respondent has not demonstrated eligibility for adjustment of status.

[3] We note that the respondent's commission of a criminal offense covered by section 241(a)(3)(B)(iii) of the Act does not bar him from applying for section 212(c) relief by virtue of the amendment to section 212(c) included in section 440(d) of the recently enacted Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, 1277 (enacted Apr. 24, 1996) ("AEDPA"). This amendment does not apply to offenses covered by section 241(a)(3) of the Act.

unrelinquished domicile of 7 consecutive years, may be admitted in the discretion of the Attorney General without regard to certain specified grounds of excludability. In 1976, the availability of section 212(c) relief was significantly expanded when the United States Court of Appeals for the Second Circuit held that a section 212(c) waiver should be available regardless of whether the applicant had departed from the United States subsequent to the acts which rendered him deportable. *Francis v. INS,* 532 F.2d 268 (2d Cir. 1976). The court held that "[f]undamental fairness dictates that permanent resident aliens who are in like circumstances, but for irrelevant and fortuitous factors, be treated in a like manner." *Id*. at 273. This Board decided shortly thereafter to adopt the approach of the Second Circuit nationwide in *Matter of Silva*, 16 I&N Dec. 26 (BIA 1976). *See generally Matter of Esposito*, 21 I&N Dec. 1, at 6-12 (BIA 1995).

In *Matter of Hernandez-Casillas, supra*, the Attorney General held that a section 212(c) waiver is available in deportation proceedings only to those aliens who have been found deportable under a charge of deportability for which there is a comparable ground of excludability. *Id*. at 27; *see also Matter of Esposito, supra,* at 8-11; *Matter of Meza*, 20 I&N Dec. 257, 258 (BIA 1991); *Matter of Wadud, supra*, at 184-86; *Matter of Granados*, 16 I&N Dec. 726, 728 (BIA 1979), *aff'd*, 624 F.2d 191 (9th Cir. 1980). Of course, it is doctrine that this Board and all Immigration Judges are strictly bound by the determinations of the Attorney General. *See Matter of Esposito, supra*, at 11; 8 C.F.R. §§ 3.0 - 3.1(d) (1995).

As we explained in *Matter of Esposito, supra*, at 7, "the relief provided by section 212(c) is the waiver of a particular *ground* of exclusion or deportation, not a waiver of the particular offense which forms the basis for that ground of exclusion or deportation." Thus, our focus "is not whether the deportable alien's particular offense, in this case a conviction for a [document fraud and misuse offense], could form the basis for a ground of exclusion and therefore be waivable; rather, the focus is whether the ground of deportation against the alien has a comparable ground of exclusion." *Id*.

Section 212(a)(6)(C)(i) of the Act states: "Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or entry into the United

---

The respondent is also not ineligible for a waiver by virtue of section 101(a)(43)(O) of the Act, 8 U.S.C. § 1101(a)(43)(O) (1994), which deems an "aggravated felony" any offense "described in 18 U.S.C. § 1546(a) (relating to document fraud) which constitutes trafficking in the documents described in such section for which the term of imprisonment imposed . . . is at least 5 years." This provision is applicable only to convictions entered on or after October 25, 1994. Moreover, although section 440(e)(4) of the AEDPA, 110 Stat. at 1278, amends the aggravated felony provision to include any offense "described in 18 U.S.C. § 1546(a) (relating to document fraud) . . . for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 18 months," this amendment does not appear to apply to convictions entered before April 24, 1996. In any case, the respondent was sentenced to a term of less than 18 months' imprisonment.

States or other benefit provided under this Act is excludable." The respondent argues that this "willful misrepresentation" ground of inadmissibility is comparable to 18 U.S.C. § 1546(a), the provision upon which his deportability under section 241(a)(3)(B)(iii) is founded. We disagree.

## A. Board Precedent

As noted above, section 241(a)(3)(B)(iii) of the Act provides that "[a]ny alien who at any time has been convicted . . . of a violation of, or an attempt or a conspiracy to violate, section 1546 of title 18, United States Code (relating to fraud and misuse of visas, permits, and other entry documents), is deportable." This ground of deportability was previously designated as section 241(a)(5) of the Act, 8 U.S.C. § 1251(a)(5) (1988). The relevant statutory language of section 241(a)(3)(B)(iii) and the former section 241(a)(5) is identical. *See Matter of Wadud, supra*, at 184 n.2.

In *Matter of R-G-*, 8 I&N Dec. 128 (BIA 1958), this Board first had occasion to address whether former section 241(a)(5) had a statutory counterpart among the various excludability grounds enumerated in section 212(a) of the Act. Although *Matter of R-G-* distantly predates the expansion of coverage of section 212(c) to grounds of deportability for which there exists a comparable ground of excludability, we noted in that case that there was no "specific" statutory ground for the exclusion of aliens who would be subject to deportation under section 241(a)(5) of the Act due to a prior conviction for document fraud or misuse under 18 U.S.C. § 1546. *Id.* at 129.

Thirty years later in *Matter of Wadud, supra*, we further held that there is no exclusion ground "comparable" to 18 U.S.C. § 1546. In that case, the respondent contended that because the crime underlying his conviction under 18 U.S.C. § 1546 and his deportability under section 241(a)(5) was arguably a crime involving moral turpitude ("CIMT") and there was a ground of inadmissibility for aliens convicted of a CIMT, *see* former section 212(a)(9), 8 U.S.C. § 1182(a)(9) (1982),[4] section 212(c) should be available to him in deportation proceedings. In dismissing the respondent's contention that section 212(a)(9) and 18 U.S.C. § 1546 were comparable, we observed that we did not need to decide whether the respondent's "section 1546 offense" was a CIMT because no ground of inadmissibility enumerated in section 212(a) of the Act at the time was comparable to 18 U.S.C. § 1546, including section 212(a)(9), the CIMT provision. *Id.* at 185. We stated unconditionally that "section 241(a)(5) of the Act . . . has no comparable ground of excludability among those specified in section 212(c)." *Id*. Among the grounds specified in section 212(c) at the time was the former section 212(a)(19), the nearly

---

[4] The former section 212(a)(9) of the Act has subsequently been revised and redesignated as section 212(a)(2)(A)(i)(I) of the Act.

identical precursor to section 212(a)(6)(C)(i), the "willful misrepresentation" excludability provision at issue in this case.[5]

## B. Comparability of Sections 212(a)(6)(C)(i) and 241(a)(3)(B)(iii) of the Act

Upon review, we now specifically reject the respondent's contention that excludability under section 212(a)(6)(C)(i) of the Act for fraud or willful misrepresentation of a material fact before an immigration official to procure an immigration benefit such as a visa or entry into the United States is comparable to deportability under section 241(a)(3)(B)(iii) for criminal convictions for document fraud or misuse under 18 U.S.C. § 1546(a). Section 212(a)(6)(C)(i) quite broadly refers to fraud or misuse of entry documents as it relates to procuring entry into the United States or another immigration benefit. However, the conduct proscribed by 18 U.S.C. § 1546, which may carry a penalty of up to 10 years' imprisonment, goes well beyond the type of fraud or misrepresentations before an immigration officer that might underlie an alien's excludability under section 212(a)(6)(C)(i).

As is plain from a reading of the statute, 18 U.S.C. § 1546(a) indeed targets some conduct, such as presenting an application, affidavit, or other document containing a false statement with respect to a material fact in order to procure an immigration benefit, that may also constitute grounds for exclusion under section 212(a)(6)(C)(i). However, 18 U.S.C. § 1546(a) also encompasses more serious document fraud and misuse offenses not contemplated by the "willful misrepresentation" language of section 212(a)(6)(C)(i), including the crime of selling visas, permits, and other immigration documents, of which the respondent was convicted and upon which his deportability is predicated. The vastly greater scope of 18 U.S.C. § 1546(a) is a significant factor in our determination that these provisions are not "comparable" for section 212(c) waiver purposes.

The acts falling within the reach of 18 U.S.C. § 1546(a) include forging, counterfeiting, and falsifying documents required for entry, as well as the unauthorized possession of equipment designed for the reproduction of such documents, regardless of whether the proscribed acts were performed for

---

[5] The only ground of inadmissibility not in existence at the time of our decision in Wadud that is at least remotely proximate to section 241(a)(3)(B)(iii) is section 212(a)(6)(F) of the Act, which states: "Any alien who is the subject of a final order for violation of section 274C is excludable." Section 274C of the Act, 8 U.S.C. § 1324c (1994), added to the statute by section 544(c) of the Immigration Act of 1990, Pub. L. 101-649, 104 Stat. 4978, 5059 (enacted Nov. 29, 1990), imposes civil penalties for document fraud. *See Matter of Lazarte, supra* (holding that a section 212(i) waiver could not be used to waive inadmissibility under section 212(a)(6)(F) of the Act). The issue of the comparability of sections 241(a)(3)(B)(iii) and 212(a)(6)(F) is not before us. We, therefore, leave it for another day. We note in passing, however, that Congress provided an identical statutory counterpart to section 212(a)(6)(F) among the various grounds of deportability at section 241(a)(3)(C) of the Act. *See Matter of Lazarte, supra.*

personal use to procure an immigration benefit or merely for personal gain, financial or otherwise. *E.g., United States v. Hammoude*, 51 F.3d 288 (D.C. Cir.) (ongoing scheme of reproduction of fraudulent visas), *cert. denied,* 515 U.S. 1128 (1995). The coverage of the statute also extends to fraud or misuse of immigration documents in furtherance of marriage fraud schemes, *e.g., United States v. Lozano,* 511 F.2d 1 (7th Cir.), *cert. denied*, 423 U.S. 850 (1975); *United States v. Ramos*, 605 F. Supp. 277 (S.D.N.Y. 1985), and knowingly accepting, possessing, or using fraudulent immigration documents, regardless of whether their acceptance, possession, or use is to procure an immigration benefit, *e.g., Matter of Serna*, 20 I&N Dec. 579 (BIA 1992); *Matter of Cadiz*, 12 I&N Dec. 560 (BIA 1968). Furthermore, the language of section 212(a)(6)(C)(i) makes absolutely no mention of criminal convictions for document fraud or misuse.

Moreover, we find inconsequential the fact that the conduct constituting the basis for an alien's conviction under 18 U.S.C. § 1546 and deportability under section 241(a)(3)(B)(iii) could possibly also render him inadmissible under section 212(a)(6)(C)(i) if the fraud or misuse of entry documents was committed while attempting to procure entry into the United States or another immigration benefit. As we recently explained in *Matter of Esposito, supra*, "we have previously addressed and rejected similar efforts to establish eligibility for section 212(c) relief in deportation proceedings, notwithstanding the lack of an exclusion ground comparable to the ground of deportation, by subsuming the respondent's conduct or offense under some exclusion ground." *Id*. at 13 (citing *Matter of Montenegro*, 20 I&N Dec. 603 (BIA 1992), and *Matter of Wadud, supra*). The essential analysis is to determine whether the deportation ground under which the alien has been adjudged deportable has a statutory counterpart among the exclusion grounds waivable by section 212(c). *Matter of Hernandez-Casillas, supra*, at 286-89.

The respondent's particular offense tellingly illustrates that 18 U.S.C. § 1546(a) and the "willful misrepresentation" ground of inadmissibility at section 212(a)(6)(C)(i) of the Act are neither "comparable," *Matter of Meza, supra; Matter of Wadud, supra*, "substantially identical," *Cabasug v. INS*, 847 F.2d 1321, 1326 (9th Cir. 1988), *quoted in Matter of Hernandez-Casillas, supra*, at 267, nor "equivalent," *Matter of Hernandez-Casillas, supra*, at 287. The record reflects that the respondent was convicted under 18 U.S.C. § 1546(a) for having knowingly sold, over a period of approximately 9 months, an alien registration receipt card in the name of a person not authorized by law to receive said document. The respondent himself was a lawful permanent resident in possession of valid immigration documents required for entry.

Thus, if the respondent had departed from the United States following his conviction under 18 U.S.C. § 1546(a) and completion of his sentence and thereafter sought reentry as a returning permanent resident, it appears that he would not have been inadmissible under section 212(a)(6)(C)(i) of the Act,

notwithstanding his deportability for the 18 U.S.C. § 1546(a) conviction. The same would be true if the respondent had been convicted in the United States of a "firearms offense," as defined under section 241(a)(2)(C) of the Act. *See Matter of Esposito, supra*, and cases cited therein.

It would indeed be remarkable if a section 212(c) waiver were available to an alien in deportation proceedings when that same alien would not have occasion to seek such relief were he in exclusion proceedings instead. We are satisfied, upon review, that the legitimate concerns of equal protection and fundamental fairness that gave rise to the seminal holdings in *Francis v. INS, supra*, and *Matter of Silva, supra*, are not implicated in the instant case. *See Matter of Hernandez-Casillas, supra*, at 287-89; *Matter of Wadud, supra*, at 185.

## C. Further Support

Further support for the dissimilarity between 18 U.S.C. § 1546(a) and the section 212(a)(6)(C)(i) "willful misrepresentation" ground of inadmissibility may be found by reference to a dated, yet no less germane, decision of the Second Circuit, *DeLeon v. INS*, 547 F.2d 142 (2d Cir. 1976), *cert. denied*, 434 U.S. 841 (1977). In *DeLeon*, the Second Circuit Court of Appeals addressed the issue of whether a waiver of deportability under the former section 241(f) of the Act, 8 U.S.C. § 1251(f) (1970),[6] is available to an alien found deportable under former section 241(a)(5) for having been convicted of document fraud and misuse under 18 U.S.C. § 1546. Because section 241(f) waived an alien's deportability under the former section 241(a)(1) as one who was excludable at entry under section 212(a)(19), the precursor to the "willful misrepresentation" provisions of section 212(a)(6)(C)(i), the Second Circuit was obliged to assess the comparability of 18 U.S.C. § 1546 and 212(a)(19) in light of the Supreme Court's pronouncements in *Reid v. INS*, 420 U.S. 619 (1975), and *INS v. Errico,* 385 U.S. 214 (1966).

Upon analyzing the two provisions, the court in *DeLeon v. INS, supra*, ultimately held that 18 U.S.C. § 1546 and the former section 212(a)(19) of the Act were not comparable and that the respondent, who was deportable under section 241(a)(5) for having been convicted under 18 U.S.C. § 1546 for impersonating a lawful permanent resident alien at the time of entry, could not avail himself of a waiver of deportability under section 241(f). The court reasoned that in specifying a conviction under 18 U.S.C. § 1546 as a separate ground of deportability, Congress in section 241(a)(5) had singled out the acts covered by 18 U.S.C. § 1546 as "serious offense[s] distinct from the relatively minor misrepresentations which might provide a basis for deportability under Sections 212(a)(19) and 241(a)(1)." *Id*. at 148. The court

---

[6] The provisions of section 241(f) were repealed by section 602(b)(1) of the Immigration Act of 1990, 104 Stat. at 5081. Similar provisions now appear at section 241(a)(1)(H) of the Act. *See generally Matter of Garawan*, 20 I&N Dec. 938, 940-41 & n.3 (BIA 1995).

further observed that "[i]t would be anomalous to hold that deportability under Section 241(a)(5) for a conviction under 18 U.S.C. § 1546 can be waived simply because it involved a fraud and was committed at the time of entry." *Id*. According to the court, the fraud targeted by 18 U.S.C. § 1546 "clearly is not in the same category as the relatively less serious fraudulent conduct contemplated by Section 212(a)(19)." *Id*. at 148-49.

## D. Practical Considerations

In addition, we find it clear that 18 U.S.C. § 1546(a) and section 212(a)(6)(C)(i) are not coextensive in their coverage of offenses. Were we to permit a waiver for aliens who are deportable for having been convicted under one or more of the labyrinthine criminal provisions of 18 U.S.C. § 1546(a), this Board and the Immigration Judges would be obliged to scrutinize the particular conduct of the alien that gave rise to his culpability under 18 U.S.C. § 1546(a) to determine whether the underlying offense is covered by section 212(a)(6)(C)(i). Not only is this precisely the sort of analysis we specifically rejected in *Matter of Esposito, supra*, at 8-10 (relying on the Attorney General's opinion in *Matter of Hernandez-Casillas, supra*), but it is also one that would likely prove to be considerably cumbersome in practice.[7]

For example, in a given case, an alien may have been convicted of violating several different subclauses of 18 U.S.C. § 1546(a), yet his deportability would not depend upon which of the manifold subclauses he flouted. His final conviction under 18 U.S.C. § 1546(a), irrespective of the particular subclause, would be sufficient to sustain a charge of deportability under section 241(a)(3)(B)(iii) of the Act. To require Immigration Judges to ascertain what specific crimes the alien committed, whether some or all of the alien's criminal conduct is comparable to that targeted by section 212(a)(6)(C)(i) of the Act and, if so, whether a section 212(c) waiver should be available to the alien would not only contradict our precedent, but also impose upon Immigration Judges virtually insoluble quandaries likely resulting in widely disparate results. If, on the other hand, we held that a section 212(c) waiver was available to all aliens convicted under 18 U.S.C. § 1546(a) and found deportable under section 241(a)(3)(B)(iii) of the Act, we would be embarking on the type of extended and unnecessary departure from the text of

---

[7] In *Matter of Meza*, 20 I&N Dec. 257, 259 (BIA 1991), this Board held that because Congress had specifically provided for the availability of section 212(c) relief to respondents deportable for "aggravated felony" convictions although no "aggravated felony" exclusion ground exists, we will look to the specific category of felony at issue to determine whether the offense would be encompassed within the scope of an exclusion ground for purposes of ascertaining the availability of a section 212(c) waiver. We note, however, that the Board has significantly limited the holding of Meza to its peculiar facts in subsequent decisions in *Matter of Esposito*, 21 I&N Dec. 1, at 9-10 (BIA 1995), and *Matter of Montenegro*, 20 I&N Dec. 603, 605-06 (BIA 1992).

section 212(c) that the Attorney General repudiated in *Matter of Hernandez-Casillas, supra*.

## IV.  CONCLUSION

For the foregoing reasons, then, we conclude that an alien convicted under 18 U.S.C. § 1546(a) of a document fraud or misuse offense described therein may not invoke section 212(c) of the Act to waive his deportability under section 241(a)(3)(B)(iii). Accordingly, inasmuch as there are no other issues before us, the Immigration Judge's decision is affirmed, and the appeal will be dismissed.

**ORDER:**     The appeal is dismissed.