United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-60559
Summary Calendar
_____

RODOLFO TURRUBIARTES HERNANDEZ,

Petitioner,

v.

ALBERTO R. GONZALES, Attorney General of the United States,

Respondent.

_____

ON PETITION FOR REVIEW FROM A FINAL ORDER OF
THE BOARD OF IMMIGRATION APPEALS
_____

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[1]

Petitioner Hernandez challenges the order of the Board of Immigration Appeals affirming the immigration judge's order of removability.  In lieu of a Response, Respondent moves for

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

summary affirmance of the BIA's order. Instead, we dismiss Hernandez' appeal for lack of jurisdiction.[2]

Hernandez, a native and citizen of Mexico, became a lawful permanent resident of the United States in 1990 under the amnesty provisions of the Immigration Reform and Control Act of 1986. In 2004, Hernandez was charged with and pled guilty in federal court to possession with intent to distribute over 700 kilograms of marijuana. Soon thereafter, Hernandez received a Notice to Appear charging him with being removable as an alien who, after admission to the United States, committed an aggravated felony under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii).

At a hearing before an immigration judge, Hernandez conceded removability, and the immigration judge concluded that Hernandez was ineligible for cancellation under INA § 240A(a)(3), 8 USC § 1229b(a)(3). Hernandez appealed to the BIA, arguing that the immigration judge had erred in denying him a waiver of removal pursuant to INA §§ 212(c), 212(h), and § 245, 8 U.S.C. §§ 1182(c), 1182(h), and 1255. However, Hernandez had never requested such relief from the immigration judge.

---

[2] We therefore deny Respondent's motions for summary affirmance and for an extension of time to file a response as moot.

2

"[A] court may review a final order of removal only if the alien has exhausted all his administrative remedies." 8 U.S.C. § 1252(d)(1); see also Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir.2001) ("Because it is statutorily mandated, an alien's failure to exhaust his administrative remedies serves as a jurisdictional bar to [a court's] consideration of the issue."); Cardoso v. Reno, 216 F.3d 512, 518 (5th Cir.2000) ("As a matter of jurisdiction, courts may not review the administrative decisions of the INS unless the appellant has first exhausted 'all administrative remedies.'") Because Hernandez never requested that the immigration judge waive removability under INA §§ 212(c), 212(h), or 245, and instead raised his requests for relief for the first time as allegations of error to the BIA, Hernandez has failed to exhaust his administrative remedies.[3] This court, therefore, is without jurisdiction to consider his Petition.

The Petition for Review is DISMISSED.

---

[3] It is irrelevant that Petitioners raised his claims for relief before the BIA. See Matter of Jimenez-Santillano, 21 I. & N. Dec. 567, 570 n. 2, 1996 WL 426890 (BIA 1996) (stating that BIA need not consider an issue raised for the first time on appeal); Matter of Edwards, 20 I & N Dec. 191, 196 n. 4, 1990 WL 385757 (BIA 1990) (same).