OPINION
McKEE, Circuit Judge.
Bilal Zuhdi El Shaer petitions for review of a March 3, 2008, decision of the Board of Immigration Appeals, affirming an Immigration Judge’s order of removal. The Immigration Judge ruled that El Shaer is statutorily ineligible for a waiver of inadmissibility and ordered his l-emoval. For the reasons that follow, we will deny the petition for review.
As we write primarily for the parties who are familiar with the factual and procedural history of this case, we need not recite the facts or background of this dispute.
We must determine whether the BIA erred in ruling that El Shaer’s charge of removability under INA § 237(a)(3)(B)(iii), 8 U.S.C. § 1227(a)(3)(B)(iii), renders him statutorily ineligible for a waiver of inadmissibility under INA § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H). This is a question of law and our review is therefore de novo. McNary v. Haitian Refugee Ctr. Inc., 498 U.S. 479, 493, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991).
INA § 237(a)(1)(H), allows otherwise removable aliens to obtain a waiver of inadmissibility in certain limited circumstances. El Shaer obtained conditional resident status by entering into an admittedly fraudulent marriage. He was subsequently convicted of having engaged in marriage fraud for the purpose of adjusting his immigration status to lawful permanent resident. He now asserts that the crimes he pled guilty to should not disqualify him from being considered for a waiver of inadmissibility.
The IJ held that the waiver contained in § 237(a)(1)(H) only applied to persons who were inadmissible pursuant to § 212(a)(6)(C)(i) of the INA, 8 U.S.C. § 1182(a)(6)(C)(i), and that this did not include El Shaer. The BIA affirmed, ruling that the IJ had correctly intei’preted 237(a)(1)(H) and that El Shaer’s guilty plea for violating 18 U.S.C. § 1546 made him ineligible for the waiver he was requesting because he had been convicted of a crime that was qualitatively different from those that are eligible for a waiver of inadmissibility. We agree. See Matter of Jimenez-Santillano, 21 I. & N. Dec. 567, 573 (BIA 1996) (discussing the predecessor statute).
*975 Accordingly, we will deny his petition for review.