**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| AMANDEEP SINGH CHOUHAN; MANJIT KAUR; ANHADDEEP KAUR, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 10-73245 <br><br> Agency Nos.     A089-703-904 <br>                   A089-703-905 <br>                   A089-703-906 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2014[**]
San Francisco, California

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

Amandeep Singh Chouhan, a native and citizen of India, challenges the

Board of Immigration Appeals' ("BIA") denial of his request for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chouhan claims that he and his family were persecuted in India because of his political activities.  The Immigration Judge ("IJ") denied Chouhan's application on the ground that he lacked credibility, and the BIA affirmed.

The BIA's adverse credibility determination was supported by substantial evidence.  *See Jie Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013).  Chouhan testified before the IJ that he had been severely beaten following his second arrest by police, but he failed to mention in his declaration this "dramatic" and "pivotal" event.  *See Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003).  He also failed to provide any corroboration for his claim that he was beaten or that he received medical attention afterwards.  *See* 8 U.S.C. 1158(b)(1)(B)(ii).  In addition, he misidentified the party of the political candidate for whom he claimed to have campaigned.

Chouhan also argues that the IJ violated his due process rights by conducting an internet search during his hearing to determine the party affiliation of the candidate whom he allegedly supported.  Chouhan stated that he had no objection to the search when asked by the IJ.  *See In re Jimenez-Santillano*, 21 I. & N. Dec. 567, 570 n.2 (B.I.A. 1996) (en banc) (holding that issues not raised before the IJ are waived).  Moreover, Chouhan cannot show prejudice.  *See Pagayon v. Holder*, 675 F.3d 1182, 1191–92 (9th Cir. 2011) (per curiam).  He also had the opportunity

to introduce contrary evidence, but did not do so.  Chouhan therefore was not deprived of "a full and fair hearing of his claims."  *Id.* at 1191 (internal quotation marks omitted).

Chouhan's petition for review is **DENIED**.