**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERTO MALDONADO MALDONADO GALVAN, AKA Sergio Galvan Maldonado,<br><br>        Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>        Respondent. | No.   15-73625<br><br>Agency No. A072-294-892<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2018[**]
Seattle, Washington

Before: N.R. SMITH and CHRISTEN, Circuit Judges, and PAYNE,[***] District Judge.

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

   [***]     The Honorable Robert E. Payne, United States District Judge for the Eastern District of Virginia, sitting by designation.

Maldonado Galvan ("Maldonado") petitions for review the decision of the Board of Immigration Appeals ("BIA") affirming immigration judge's denial of his application for cancellation of removal. The BIA denied Maldonado's application for cancellation of removal, because he failed to establish the requisite seven years of continuous residence. We have jurisdiction under 8 U.S.C. § 1252, in light of the Supreme Court's recent decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and we grant the petition and remand for the BIA for further proceedings.

1.      The Supreme Court's decision in *Pereira* held that a notice to appear ("NTA") that failed to designate the specific time, place, or date of an alien's removal proceedings does not trigger the stop-time rule ending the alien's accrual of continuous presence. *Id.* at 2114. In this case, the NTA failed to include a place, date, and time for a hearing. Thus, it suffers from the same flaws as the NTA in *Pereira*. As a result, we cannot determine whether the stop-time rule ending the period of continuous presence in the United States was triggered. Therefore, we grant the petition for review and remand to the agency for further proceedings to determine whether, under *Pereira*, Maldonado has met his seven years of continuous residency, making him eligible for cancellation of removal.

2.	Nevertheless, Maldonado challenges the constitutionality of the issuance of the NTA on appeal, we address that question. (1) Maldonado failed to raise this issue to the immigration judge, thus the BIA determined that the issue was waived. *See Matter of Jimenez-Santillano*, 21 I. & N. Dec. 567, 570 n.2 (BIA 1996). However, the BIA also concluded that there was no sufficient basis to conclude that the NTA was invalid. Thus, the issue was exhausted. *See Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 874 (9th Cir. 2008). (2) We find no merit to Maldonado's claim that the government was precluded from initiating removal proceedings. The fact that Maldonado disclosed that he was arrested in 1994, prior to his grant of legal permanent residency status, does not estop the government from initiating removal proceedings based on a subsequent conviction for that charge, which occurred three years after he was granted such status. *See Perez-Mejia v. Holder*, 663 F.3d 403, 417-18 (9th Cir. 2011); *see also* 8 U.S.C. § 1227(a)(2)(B)(i) (requiring a conviction for a controlled substance before an alien is deportable).

The parties shall bear their own costs on appeal.

**PETITION FOR REVIEW GRANTED IN PART; DENIED IN PART; AND REMANDED.**

3