NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE GUADALUPE LIZARRAGA-CAMBRERO, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   16-73941 <br><br> Agency No. A206-784-486 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018**

Before:     SILVERMAN, GRABER, and GOULD, Circuit Judges.

Jose Guadalupe Lizarraga-Cambrero, a native and citizen of Mexico,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C.

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo due process claims. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny in part, dismiss in part, and grant in part the petition for review.

Lizarraga-Cambrero establishes no error in the BIA's administrative closure determination, where he did not request administrative closure before the IJ. *See Matter of Jimenez-Santillano*, 21 I. & N. Dec. 567, 570 n.2 (BIA 1996) (en banc) (holding that issues not raised before the IJ are waived). Accordingly, his due process contention fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

We lack jurisdiction to consider Lizarraga-Cambrero's unexhausted contention regarding ineffective assistance of counsel. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (no jurisdiction to review legal claims not presented in administrative proceedings before the BIA).

The BIA did not have the benefit of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), which held that a notice to appear that does not specify the time and date of the hearing does not trigger the stop-time rule, when it denied cancellation of removal. Thus, we remand for further proceedings consistent with that disposition.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part, GRANTED in part; REMANDED.**