**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS ALBERTO FLORES-TURCIOS, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-70091 Agency No. A095-733-747 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2019**
San Diego, California

Before: HURWITZ, OWENS, and LEE, Circuit Judges.

Carlos Alberto Flores-Turcios, a native and citizen of Honduras, petitions for

review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from the decision of an Immigration Judge ("IJ") denying withholding of

removal and protection under the Convention Against Torture ("CAT"). We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Substantial evidence supported the BIA's conclusion that Flores was not eligible for withholding of removal because he did not establish membership in a claimed particular social group of "Honduran males who have taken concrete steps to actively oppose[] gang membership and gang authority." Even assuming that the proposed group is cognizable, *see Pirir-Boc v. Holder*, 750 F.3d 1077, 1084–85 (9th Cir. 2014); *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc), Flores testified only to passive attempts to evade gang recruitment.[1]

2. Substantial evidence also supported the BIA's determination that Flores does not qualify for CAT protection. CAT protection is available to petitioners "more likely than not" to be tortured if removed. 8 C.F.R. § 1208.16(c)(2). Because Flores received only unfulfilled threats of violence while in Honduras, the evidence does not compel the conclusion he would be tortured if removed. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029–30 (9th Cir. 2019). The IJ properly noted the continued safety of Flores's mother and sister in Honduras. *Go v. Holder*, 640 F.3d 1047, 1053 (9th Cir. 2011) (noting that the "lack of harm to similarly situated family members . . . generally undercuts an alien's fear of harm"). Nor does

---

[1] Flores argues the BIA erred in failing to address his argument that he is qualified for withholding because of his political opinion. But because Flores did not raise this issue to the IJ, the BIA was not required to consider it. *Matter of Jimenez-Santillano*, 21 I. & N. Dec. 567, 570 n.2 (BIA 1996) (en banc).

generalized evidence of gang violence in Honduras compel granting of CAT relief. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

**PETITION FOR REVIEW DENIED.**