# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 5, 2021

Lyle W. Cayce
Clerk

No. 20-60861
Summary Calendar

Raquel Noemi Palacios-Diaz,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 116 408

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Raquel Noemi Palacios-Diaz, a native and citizen of El Salvador, petitions for review of the order by the Board of Immigration Appeals (BIA) upholding the denial by an immigration judge (IJ) of her motion to reopen her immigration proceedings and rescind the in absentia removal order. Palacios-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60861

Diaz contends that she did not receive actual notice of the hearing because she was confused about whether a hearing had actually been set. She maintains that the BIA failed to consider her allegations that she was entitled to equitable tolling of the time for filing a motion to reopen based on exceptional circumstances, given her allegations that she received ineffective assistance from a non-attorney representative. Palacios-Diaz alleges that the denial of her motion to reopen and the lack of notice resulted in a denial of due process. Finally, she arguably contends that the BIA and IJ erred in not reopening the proceedings pursuant to their sua sponte authority. Although Palacios-Diaz presented a claim for humanitarian relief based on family circumstances before the BIA, she does not raise it here and it is therefore abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

We review the denial of a motion to reopen under a highly deferential abuse-of-discretion standard. *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018). Such a decision will stand unless it is "capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Ramos-Portillo v. Barr*, 919 F.3d 955, 958 (5th Cir. 2019) (internal quotation marks and citation omitted). We review factual findings under the substantial evidence standard and legal questions de novo, giving deference to the BIA's interpretation of any ambiguous immigration statutes. *See Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012).

Palacios-Diaz has failed to show any abuse of discretion arising from the BIA's upholding the IJ's finding that she received personal notice of the removal hearing. *See Nunez*, 882 F.3d at 505. Although she maintains that she was confused whether a hearing was actually set based on language in the immigration forms and the oral statements of the immigration officer, she did not present those allegations to the IJ and therefore failed to exhaust her

administrative remedies. *See Eduard v. Ashcroft*, 379 F.3d 182, 195 n.14 (5th Cir. 2004); *Matter of Jimenez-Santillano*, 21 I. & N. Dec. 567, 570 n.2 (BIA 1996). Accordingly, we lack jurisdiction to consider this argument. *See Omari v. Holder*, 562 F.3d 314, 318-21 (5th Cir. 2009).

Although the BIA did not explicitly rule on Palacios-Diaz's allegations of equitable tolling and ineffective assistance, it adopted the decision of the IJ, and we may consider the IJ's ruling on those issues. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009); *Eduard*, 379 F.3d at 186. Palacios-Diaz has not shown that she is entitled to equitable tolling, as she has failed to show that the 13-year delay in filing the motion to reopen was the result of reasonable diligence. *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016). We therefore need not consider whether Palacios-Diaz's allegations of ineffective assistance constituted an extraordinary circumstance that prevented timely filing. *See Mejia v. Barr*, 953 F.3d 255, 259 (5th Cir. 2020).

Although Palacios-Diaz asserts that the denial of relief on her motion to reopen constituted a denial of due process, "there is no liberty interest at stake in a motion to reopen due to the discretionary nature of the relief sought." *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 205 (5th Cir. 2017) (internal quotation marks and citation omitted); *see also Ramos-Portillo*, 919 F.3d at 963 (rejecting claim that denial of a motion to reopen and to rescind an in absentia removal order violated the due process clause). She also contends that the lack of actual notice of her removal denied her due process, but she was personally served with notice of that hearing. Finally, to the extent that Palacios-Diaz challenges the agency's refusal to sua sponte reopen her removal proceedings, we lack jurisdiction to consider that decision. *Hernandez-Castillo*, 875 F.3d at 206.

Based on the foregoing, the petition for review is DENIED in part and DISMISSED in part.