# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2022

Lyle W. Cayce
Clerk

No. 21-60526
Summary Calendar

FLAVIANE ALMEIDA-GONCALVES,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 023 579

---

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Flaviane Almeida-Gonclaves, a native and citizen of Brazil, timely petitions us for a review of a decision of the Board of Immigration Appeals upholding the denial of her motion to reopen. She first argues that the Board erred in holding that the motion is time and number barred because it

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

contained new evidence, in the form of allegations of continued harassment, that was not received until after the first motion. Second, she argues that she has proven a prima facie case of asylum, withholding of removal, and Convention Against Torture protection. Third, she asserts that the Board and Immigration Judge should have granted sua sponte relief.

We review the denial of a motion to reconsider under an abuse-of-discretion standard. *Gonzales-Veliz v. Barr*, 938 F.3d 219, 226 (5th Cir. 2019). Under this standard, Almeida-Gonclaves must identify either a "change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005)). The BIA's decision will stand unless it was "capricious, racially invidious [or] utterly without foundation in the evidence." *Id.* at 304 (quoting *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993)).

The country condition argument was not presented to the Immigration Judge. *Matter of Jimenez-Santillano*, 21 I. & N. Dec. 567, 570 n. 2 (BIA 1996). Because the argument is unexhausted, we lack jurisdiction to consider it. *See Eduard v. Ashcroft*, 379 F.3d 182, 195 & n.14 (5th Cir. 2004). Accordingly, there is no basis to analyze the prima facie case in the motion. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

We lack jurisdiction to consider how or with what process sua sponte authority is used by the Immigration Judge or Board. *Qorane v. Barr*, 919 F.3d 904, 911-12 (5th Cir. 2019); *see Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006).

DISMISSED.