**Jian Xiong GAO, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Gonzales,\* Respondents.**

**No. 03–4297AG.**

United States Court of Appeals, Second Circuit.

June 28, 2005.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Harry Yee, Assistant United States Attorney (Edward H. Kubo, Jr., United States Attorney for the District of Hawaii, on the brief), Honolulu, HI., for Respondents.

PRESENT: NEWMAN, SOTOMAYOR, Circuit Judges, and CHIN, District Judge.**

### SUMMARY ORDER

Petitioner Jian Xiong Gao, a citizen of the People's Republic of China, petitions for review of a January 27, 2003 decision of the BIA that summarily affirmed the opinion of the Immigration Judge ("IJ"), denying him asylum under 8 U.S.C. § 1158 and withholding of removal under 8 U.S.C. § 1231(b)(3)(A). We assume the parties' familiarity with the facts and procedural history of the case.

1. *Gao's claims for asylum and withholding of removal under 8 U.S.C. §§ 1158, 1231(b)(3)(A)*

Where, as here, the BIA issues a decision affirming, without opinion, the decision of the IJ, we review the decision of the IJ directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003); 8 C.F.R. § 3.1(e)(4) (2003) (redesignated as 8 C.F.R. § 1003.1(e)(4) (2005)). We uphold an IJ's factual findings underlying the denial of asylum and withholding of removal when they are supported by "substantial evidence," *Secaida–Rosales*, 331 F.3d at 306–07, and we will reverse "only if no

reasonable fact-finder could have failed to find that [the] petitioner suffered past persecution or had a well-founded fear of future persecution." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (internal quotation marks and citations omitted).

The IJ denied Gao's applications for asylum and withholding primarily because she determined that Gao's amended asylum application and his oral testimony, taken together, were not credible as to either of the bases for his claim for relief. "[C]redibility determinations are entitled to the same deference on review as other factual determinations," *Ramsameachire*, 357 F.3d at 177–78, so long as they are based on "specific, cogent reasons" and do not represent flawed reasoning, speculation, or an incorrect analysis of the testimony, *id.* (internal quotation marks omitted). *See also Secaida–Rosales*, 331 F.3d at 307. We agree with Gao that some of the discrepancies identified by the IJ are the sort of "minor and isolated" disparities concerning collateral facts that would not provide a sound basis for discrediting an applicant's otherwise consistent testimony. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). In particular, we attach no significance to the fact that the I–589 application form Gao submitted in 1994 listed a birthdate for his daughter that was exactly one year later than the date he later testified to. Nor do we find that Gao's failure to explain precisely how his wife's work colleagues knew that she was pregnant until asked on cross-examination properly supports an adverse credibility finding. "Like outright inconsistencies, the impact of omissions must be measured against the whole record before they may justify an adverse credibility determination," *Secai-*

** The Honorable Denny Chin, United States District Judge for the Southern District of New York, sitting by designation.

*da–Rosales*, 331 F.3d at 308. There was nothing inherently suspect about Gao's failure to volunteer this detail in his direct testimony.

■ The IJ also identified other discrepancies and implausibilities, however, that are far more central to Gao's claims. Gao gave a confused and contradictory account of the sequence of events leading to his alleged termination from his employment for supporting protests connected with the June 4, 1989 pro-democracy movement. As the IJ further found, Gao's description of the visit of public security authorities to his home following his dismissal was implausible. Gao also gave shifting testimony as to how long his wife had been pregnant when she allegedly underwent a forcible abortion. Gao attempts to provide explanations for these features of his testimony, but once we are satisfied that a reasonable finder of fact could find Gao's story implausible, it is not our role in reviewing the IJ's determination to "justify the contradictions or explain away the improbabilities." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004). When an IJ's adverse credibility finding is based on "specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on ... inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." [1] *Id.* (internal quotation marks and citation omitted).

Gao also objects that the IJ failed to consider documentary evidence of record relating to coercive enforcement of China's family planning policies. In light of the IJ's determination that Gao's testimony concerning his own story was not credible, this evidence concerning general country conditions does not compel the conclusion that he met his burden of establishing either past persecution or a well-founded fear of future persecution based on China's family planning policies. *See Liao v. United States Dep't of Justice*, 293 F.3d 61, 71–72 (2d Cir.2002) (holding that asylum applicant did not meet burden through documentation of general country conditions of "debatable relevance" to his own situation).

Gao raises a number of other challenges to the IJ's ruling that were not presented in his appeal to the BIA. Even if Gao's failure to raise these claims before the agency does not divest this Court of jurisdiction to entertain the claims on this petition for review, *see* 8 U.S.C. § 1252(d); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004); *Ramsameachire*, 357 F.3d at 182 n. 4, in light of the substantial evidence supporting the IJ's adverse credibility findings as to the events at the heart of both of his claims, none of these arguments would suffice to justify reversal of the IJ's denial of asylum and withholding of removal. *See Zhou Yun Zhang*, 386 F.3d at 74.

2. *Relief under the Convention Against Torture*

■ Gao raised no claim for withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT") before the IJ, and the IJ made no ruling with respect to his eligibility for such relief. Gao first raised a claim for CAT relief in his appeal brief to the

---

1. In the same vein, Gao argues that "the preponderance of the ... evidence" supports a finding that Gao was fired from his job for his political activities rather than for absenteeism, as the IJ found. The IJ did not credit the evidence in question, but even supposing *arguendo* that she had, we may reverse the agency's factual determination only when a reasonable fact-finder would be *compelled* to disagree. *Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (per curiam); *Ramsameachire*, 357 F.3d at 177.

BIA, to which he appended documentary evidence in support of the claim. The BIA, in summarily affirming the decision of the IJ, made no mention of the CAT claim or the new evidence. Gao now argues that both the IJ and the BIA erred in failing to consider his eligibility for CAT relief. Gao points to 8 C.F.R. § 208.13(c)(1) (2000), which provides that applicants who applied for asylum on or after April 1, 1997 but who are determined to be ineligible for asylum under 8 U.S.C. § 1158(a)(2) or (b)(2) "shall ... be considered for eligibility for [CAT relief] ... if the evidence presented by the alien indicates that the alien may be tortured in the country of removal." He contends that this regulation demonstrates that the IJ was obliged to consider his claim *sua sponte* and that the BIA was obliged to consider the claim notwithstanding his failure to raise it before the IJ. We reject both contentions.

In general, the BIA, like virtually any appellate adjudicative body, may properly decline to consider on direct appeal evidence and claims for relief that were not presented to the decision-maker of first instance. *See, e.g., In re Jimenez–Santillano,* 21 I. & N. Dec. 567, 570 n. 2, 1996 WL 426890 (BIA 1996) (declining to decide claim for relief not raised before IJ); *see also* 8 C.F.R. § 3.1(d)(3)(iv) (2003) (redesignated as 8 C.F.R. § 1003.1(d)(3)(iv) (2005)) ("Except for taking administrative notice of commonly known facts such as current events ... the Board will not engage in factfinding in the course of deciding appeals."). We do not need to consider whether § 208.13(c)(1) affects this general policy because the regulation does not apply to

Gao. Nor do we·need to consider Gao's argument that § 208.13(c)(1) "implicitly" imposes an obligation on IJs to consider *sua sponte* an applicant's eligibility for CAT relief in cases other than those involving denials of asylum under 8 U.S.C. §§ 1158(a)(2) and (b)(2). Even supposing *arguendo* that it does,[2] Gao has not shown that "the evidence presented" to the IJ "indicate[d] that the alien m[ight] be tortured in the country of removal," 8 C.F.R. § 208.13(c)(1). The IJ's failure to consider his eligibility for CAT relief was therefore not in error. In light of Gao's conceded failure to seek CAT relief before the IJ, the BIA did not err in failing to consider the claim.

For the foregoing reasons, the petition for review is DENIED.

---

**2.** *But see Eduard v. Ashcroft,* 379 F.3d 182, 195 (5th Cir.2004) ("[A] claim for CAT relief is not raised, as a matter of law, by simply filing an application for asylum or withholding of removal under INA § 241(b)(3)(B).").

*Cf. Ramsameachire,* 357 F.3d at 185 ("[A] claim under the [CAT] is not merely a subset of claims for either asylum or withholding of removal." (internal quotation marks and citation omitted)).