**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

OTGONBAYAR LKHAGVASUREN,
*Petitioner*,

v.

LORETTA E. LYNCH, Attorney
General,
*Respondent.*

No. 13-71778

Agency No.
A200-990-746

ORDER AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2016[*]
San Francisco, California

Filed July 13, 2016
Amended December 30, 2016

Before: J. Clifford Wallace, Mary M. Schroeder,
and Alex Kozinski, Circuit Judges.

Order;
Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Immigration

The panel denied a petition for review brought by a Mongolian citizen who sought asylum and other relief from removal based on his actions whistleblowing corruption by a privately-owned former employer.

The panel adopted the three-factor framework of *Matter of N–M–*, 25 I. & N. Dec. 526 (BIA 2011), to determine whether retaliation for whistleblowing amounts to persecution on account of a political opinion: (1) whether and to what extent the alien engaged in activities that could be perceived as expressions of anticorruption beliefs; (2) any direct or circumstantial evidence that the alleged persecutor was motivated by the alien's perceived or actual anticorruption beliefs; and (3) evidence regarding the pervasiveness of government corruption, as well as whether there are direct ties between the corrupt elements and higher level officials.

Applying that framework, the panel held that substantial evidence supported the Board's conclusion that petitioner failed to present evidence that his purported persecutors were motivated by his anticorruption beliefs, or that the corruption was connected to government actors.

The panel held that petitioner also failed to establish a sufficient likelihood of torture.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Jeremiah Johnson, Johnson & McDermed, LLP, San Francisco, California; Robert B. Jobe, Law Office of Robert B. Jobe, San Francisco, California; for Petitioner.

Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John W. Blakeley, Assistant Director; Kiley Kane and Jesi J. Carlson, Senior Litigation Counsel; Jeffrey R. Meyer, Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## ORDER

The last paragraph of page four of the slip opinion filed on July 13, 2016, is hereby amended as follows:

> We assume without deciding that *Matter of N–M–* may be applied for the purpose of identifying whether an applicant has established the required factual nexus between any purported political whistleblowing and actual persecution as those terms are defined in the REAL ID Act. *Grava*, 205 F.3d at 1181 (requiring the petitioner to show that "the alleged corruption [was] inextricably intertwined with governmental operation").

With this amendment, the Petition for Panel Rehearing is **DENIED**.

Judge Kozinski has voted to deny the Petition for Rehearing En Banc, and Judges Wallace and Schroeder so recommend. The full court has been advised of the Petition for Rehearing En Banc and no judge of the court has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. Accordingly, the Petition for Rehearing En Banc is **DENIED**. No subsequent petitions for rehearing or rehearing en banc may be filed.

Respondent's unopposed motion for an extension of time to respond to the Petition for Panel Rehearing and for Rehearing En Banc is **DENIED AS MOOT**.

Petitioner's motion to hold proceedings in abeyance pending a decision on his motion to reopen by the Board of Immigration Appeals is **DENIED**.

---

**OPINION**

PER CURIAM:

Petitioner Otgonbayar Lkhagvasuren petitions for review of the Board of Immigration Appeals' (Board) decision to deny his applications for asylum, withholding of removal, and deferral of removal under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We review the Board's factual determinations for substantial evidence and deny the petition.

Lkhagvasuren is a native and citizen of Mongolia who entered the United States with a visitor's visa in 2010 and subsequently applied for asylum. In Mongolia he was

employed by an alcoholic-beverage company that he believed was engaged in corrupt activities, was subsequently fired from his job, joined a non-governmental consumer activist group, and later publicly voiced objections to the company's business practices. Lkhagvasuren asserts that his whistleblowing activities constituted a political opinion for which he was persecuted with either the consent or acquiescence of government actors.

A petitioner seeking asylum must establish that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" persecution that the government is unable or unwilling to control. 8 U.S.C. § 1158 (b)(1)(B)(i). The petitioner has the burden to prove that a nexus exists between the persecution and a protected ground. *Khudaverdyan v. Holder*, 778 F.3d 1101, 1106 (9th Cir. 2015). Whistleblowing "may constitute political activity sufficient to form the basis of persecution" where petitioner's whistle blew against corrupt government officials, *Grava v. I.N.S.*, 205 F.3d 1177, 1181 (9th Cir. 2000), and he was targeted for persecution on account of that political opinion, whether actual or imputed. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1042 (9th Cir. 2005).

The Board follows its precedential decision in *Matter of N–M–*, which identified a three-factor standard to determine whether retaliation for whistleblowing amounts to persecution on account of a political opinion: (1) "whether and to what extent the alien engaged in activities that could be perceived as expressions of anticorruption beliefs;" (2) "any direct or circumstantial evidence that the alleged persecutor was motivated by the alien's perceived or actual anticorruption beliefs;" and (3) "evidence regarding the pervasiveness of

government corruption, as well as whether there are direct ties between the corrupt elements and higher level officials." 25 I. & N. Dec. 526, 532–33 (BIA 2011). These factors assist the courts in analyzing the political nature, if any, of the whistleblowing activity and resulting persecution.

We assume without deciding that *Matter of N–M–* may be applied for the purpose of identifying whether an applicant has established the required factual nexus between any purported political whistleblowing and actual persecution as those terms are defined in the REAL ID Act. *Grava*, 205 F.3d at 1181 (requiring the petitioner to show that "the alleged corruption [was] inextricably intertwined with governmental operation").

Substantial evidence supports the Board's conclusion that Lkhagvasuren failed to present evidence that his purported persecutors were motivated by his anticorruption beliefs, or that the corruption was even connected to government actors. He spoke publicly as a member of a consumer-activist group opposed to the advertising and sale of unsafe alcohol by a private company. He alleges that he saw government officials meeting with the director of the company when they had no reason to do so, but does not allege or prove any actual government connection to his former employer's scandalous business practices of selling poisonous alcohol, which were later publicly opposed by the government. Nor has he shown that the alleged harm inflicted upon him or his family involved government officials or their acquiescence. Lkhagvasuren's theory that a cabal of private and government officials conspired to silence him is unsupported in the record. He thus failed to establish that his whistleblowing amounted to political opinion as a protected ground, or that

he was persecuted by or at the acquiescence of government officials.

Where persecution did not occur on account of a protected ground, Lkhagvasuren's claims for asylum and withholding of removal necessarily fail. Further, the immigration judge's conclusion, as adopted by the Board, that it is unlikely that Lkhagvasuren would face torture at the hands of the government if returned to Mongolia is supported by substantial evidence that the government publicly opposed the private corruption Lkhagvasuren sought to expose, and thus his claim for relief under the Convention Against Torture also fails.

The petition for review is **DENIED**.