**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YI DUAN,

               Petitioner,

    v.

JEFFERSON B. SESSIONS III, Attorney
General,

               Respondent.

No.   12-74073

Agency No. A088-481-573

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 4, 2017[**]
Pasadena, California

Before: WARDLAW and CALLAHAN, Circuit Judges, and KENDALL,[***]
District Judge.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]     The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

Yi Duan, a native of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The BIA held that Duan failed to establish that he was persecuted and had a well-founded fear of persecution on account of his political opinion as a whistleblower of government corruption. Because Duan did not establish the requisite nexus, the BIA did not reach or adopt the IJ's adverse credibility finding. The BIA also held that because Duan did not meet the lower burden for asylum, he necessarily did not meet the higher burden for withholding of removal. Further, the BIA affirmed the IJ's finding that Duan did not establish eligibility for protection under CAT because he did not show that he is "more likely than not" to be tortured if returned to China. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

**1.** The BIA's findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Whistleblowing "may constitute political activity sufficient to form the basis of persecution where petitioner[]

---

[1] Because the parties are familiar with the facts and procedural history we do not restate them here except as necessary to explain our decision.

whistle blew against corrupt government officials and he was targeted for persecution on account of that political opinion, whether actual or imputed." *Lkhagvasuren v. Lynch*, 849 F.3d 800, 802 (9th Cir. 2016) (per curiam) (internal quotation marks and citations omitted). Duan has not shown that his actions were directed towards government actors. *Id.* Duan failed to establish an imputed political opinion because he failed to demonstrate a political link between his actions against the general manager and the police actions against him. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031–34 (9th Cir. 2014). Thus, Duan failed to make the compelling showing necessary for relief.

**2.**     An alien who is unable to meet the burden of proof for asylum necessarily fails to meet the more stringent standard for withholding of removal. *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004). Because Duan failed to meet the lower burden of proof for asylum, his claim for withholding of removal necessarily fails.

**3.**     Pursuant to Article III of CAT, an applicant bears the burden of establishing that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(1)–(2). Although Duan testified that he was twice beaten to the point of unconsciousness

3

during a 15-day detention[2], the record evidence cuts against a finding of past torture. During the six months after his release from police custody and before he left China, Duan was not harmed any of the nine times he reported to the police station or when he failed to report every week as required. Thus, Duan has not shown it is more likely than not that the police would pursue him for the purpose of torture if he returned to China. Therefore, substantial evidence supports the finding that Duan is not eligible for CAT relief.

The petition for review is **DENIED.**

---

[2] Although the IJ made an adverse credibility finding, the BIA, whose opinion we review, did not.