NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERBER ORTIZ GONZALEZ, AKA Jesus Archila-Cisneros,<br><br>     Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>     Respondent. | No. 14-71680<br><br>Agency No. A089-766-903<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017[**]

Before:  WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

  Herber Ortiz Gonzalez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and grant in part the petition for review.

Substantial evidence supports the agency's denial of Ortiz Gonzalez's asylum claim because Ortiz Gonzalez failed to establish that a protected ground was or would be one central reason for the harm he suffered and fears. *See Lkhagvasuren v. Lynch*, 849 F.3d 800, 802 (9th Cir. 2016) (identifying three-factor standard to determine whether retaliation for whistleblowing amounts to persecution on account of a political opinion). Thus, his asylum claim fails.

Substantial evidence supports the agency's denial of Ortiz Gonzalez's CAT claim because he did not demonstrate that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

As to Ortiz Gonzalez's withholding of removal claim, the BIA did not have the benefit of *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017) ("one central reason" standard applies to asylum but not withholding of removal), and denied based on the "one central reason" standard. Thus, we grant the petition for review and remand Ortiz Gonzalez's withholding of removal claim for reconsideration of this claim consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

14-71680

We deny Ortiz Gonzalez's request for a stay of proceedings (Docket Entry No. 16).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; and REMANDED.**