**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HELEN MICHELLE MATUTE-LEIVA and MAYCOL JOSEPH MATUTE-LEIVA, <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 16-71328 <br><br> Agency Nos. A202-129-082 <br> A202-129-083 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 18, 2018**
San Francisco, California

Before: M. SMITH and HURWITZ, Circuit Judges, and EATON,*** Judge.

Helen Matute-Leiva, a native and citizen of Honduras, petitions for review of

the decision of the Board of Immigration Appeals ("BIA") dismissing the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal.[1]  Matute-Leiva's son, Maycol Joseph Matute-Leiva, is listed as a derivative beneficiary on Matute-Leiva's application.  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. A petitioner seeking asylum must establish that membership in a particular social group "was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i).  Substantial evidence supported the IJ's finding that Matute-Leiva did not establish the required nexus between her proposed social group ("Employed Women Who Have No Protection In Honduras") and her persecution. *See Lkhagvasuren v. Lynch*, 849 F.3d 800, 803 (9th Cir. 2016).  Although Matute-Leiva was twice beaten and robbed by gang members, she did not establish that the attacks were because of her membership in the proposed social group.  The evidence demonstrates that Matute-Leiva was the victim of random acts of gang violence, which "bear[] no nexus to a protected ground." *See Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir. 2010).

2. The BIA declined to consider Matute-Leiva's recharacterized proposed social group, "parties who are subject to a virtual kleptoc[r]acy," because she did not

---

[1]     Matute also sought protection under the Convention Against Torture ("CAT") but did not challenge the IJ's denial of CAT relief in her appeal to the BIA or in her petition for review.

2

present that argument before the IJ. *See In re Jimenez-Santillano*, 21 I. & N. Dec. 567, 570 n.2 (BIA 1996). Because the issue was not properly raised before the BIA, we also may not consider it. *See Sola v. Holder,* 720 F.3d 1134, 1135 (9th Cir. 2013).

**PETITION DENIED.**