NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| YANAN FANG, | No.   18-73043 |
| Petitioner, | Agency No. A201-208-875 |
| v. |  |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019[**]

Before:     FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Yanan Fang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that Fang failed to establish that any harm he suffered or fears in China was or would be on account of his political opinion. *See Lkhagvasuren v. Lynch*, 849 F.3d 800, 802-03 (9th Cir. 2016) (discussing three-factor test set forth by *Matter of N-M-*, 25 I. & N. Dec. 526, 532-33 (BIA 2011) for determining whether retaliation for whistleblowing constitutes persecution on account of political opinion); *Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (a personal dispute, standing alone, does not constitute persecution based on a protected ground). Thus, Fang's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Fang failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

To the extent Fang contends that the IJ was biased, we reject this contention as without merit.

**PETITION FOR REVIEW DENIED.**

18-73043