**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTONIO AVENDANO-MENDIOLA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   16-73502

Agency No. A200-082-694

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2019[**]
Pasadena, California

Before:  MURGUIA and HURWITZ, Circuit Judges, and GUIROLA,[***] District Judge.

Antonio Avendano-Mendiola, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing his

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Louis Guirola, Jr., United States District Judge for the Southern District of Mississippi, sitting by designation.

appeal from the order of an Immigration Judge ("IJ") denying withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. To qualify for withholding, an applicant must show that "it is more likely than not that he would be subject to persecution" because of a protected ground. *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001) (quoting *INS v. Stevic*, 467 U.S. 407, 429–30 (1984)). Even assuming Avendano's credibility, substantial evidence supports the BIA's conclusion that he did not show past or likely future persecution on account of a protected ground; he only claimed that gang members would rob him. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[The] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). And, he presented no evidence that "his persecutors actually imputed a political opinion to him" because of a police report he filed. *See Molina-Morales v. INS*, 237 F.3d 1048, 1051 (9th Cir. 2001) (quoting *Sangha v. INS*, 103 F.3d 1482, 1489 (9th Cir. 1997)); *see also Lkhagvasuren v. Lynch*, 849 F.3d 800, 802–03 (9th Cir. 2016) (per curiam). To the extent the BIA required Avendano to show he could not reasonably relocate within Mexico as a prerequisite to granting withholding, there was no error because he failed to establish persecution because of a protected ground. *See* 8 C.F.R. §§ 1208.16(b)(1)(i)(B), (ii). And, contrary to Avendano's assertions, the IJ and BIA

2

considered evidence of country conditions about violence and corruption, and the BIA did not engage in fact-finding or rely on a lack of corroboration. *See Aden v. Holder*, 589 F.3d 1040, 1044–45 (9th Cir. 2009).

2. Even assuming Avendano's credibility, the BIA did not err in finding that substantial evidence supports the denial of CAT relief. Avendano failed to show "it is more likely than not" that the Mexican government would torture him or acquiesce in his torture. *See* 8 C.F.R. § 1208.16(c)(2). Thus, even if the BIA erred in requiring Avendano to show he could not relocate within Mexico, *see Maldonado v. Lynch*, 786 F.3d 1155, 1163–64 (9th Cir. 2015) (en banc), any error was harmless.

**PETITION FOR REVIEW DENIED.**