
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARTAP SINGH,<br><br>       Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>       Respondent. | No. 18-70399<br><br>Agency No. A206-340-923<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2020[**]

Before: HAWKINS, GRABER, and McKEOWN, Circuit Judges.

Petitioner Partap Singh, a native and citizen of India, timely petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from the immigration judge's ("IJ") denial of his application for asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Because the BIA conducted its own analysis and adopted the IJ's decision, we review both decisions. Ai Jun Zhi v. Holder, 751 F.3d 1088, 1091 (9th Cir. 2014). The agency did not err in concluding that Petitioner is ineligible for asylum and withholding of removal because Petitioner did not establish that he was or will be persecuted on account of a protected ground. The finding that Petitioner's persecutors were motivated by a desire to protect their illicit operations, and not by Petitioner's anti-corruption political opinion, is supported by substantial evidence. See Lkhagvasuren v. Lynch, 849 F.3d 800, 802–03 (9th Cir. 2016) (per curiam) (reviewing for substantial evidence a finding of persecutor motive). Petitioner credibly testified that his persecutors were so motivated. Moreover, the threats and attacks that Petitioner endured were tied to Petitioner's reporting about the profitable, criminal enterprise run by his persecutors. The record therefore does not "compel" a finding that Petitioner was persecuted on account of his political opinion. Singh v. Barr, 935 F.3d 822, 826–27 (9th Cir. 2019) (per curiam); see 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude

2

to the contrary").  Accordingly, Petitioner is not eligible for asylum or withholding of removal.

2.  The agency concluded that Petitioner is not eligible for CAT relief because he did not establish that it is more likely than not that he would be tortured if returned to India.  See 8 C.F.R. § 1208.16(c)(2) (stating standard for protection under CAT).  Petitioner does not challenge that dispositive finding.  Accordingly, Petitioner's CAT claim is waived or forfeited.  See Cruz v. Int'l Collection Corp., 673 F.3d 991, 998 (9th Cir. 2012) ("We review only issues which are argued specifically and distinctly in a party's opening brief." (internal quotation marks omitted)).

**PETITION DENIED**.