NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ANA GUZMAN-AJENEL, AKA Ana Elvira Guzman-Ajanel,<br><br>                Petitioner,<br><br>  v.<br><br>ROBERT M. WILKINSON, Acting Attorney General,<br><br>                Respondent. | No.   18-73157<br><br>Agency No. A088-762-777<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2021[**]
Pasadena, California

Before: GOULD, OWENS, and VANDYKE, Circuit Judges.

Ana Guzman-Ajenel (Guzman) petitions for review of the Board of

Immigration Appeals' (BIA) order dismissing her appeal of an Immigration Judge's

(IJ) decision denying her application for withholding of removal and request for

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

"Whether a group constitutes a 'particular social group' ... is a question of law we review de novo." *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010). The BIA's factual findings are reviewed for substantial evidence. *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1243 (9th Cir. 2019). Under this deferential standard, factual findings are treated as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Singh v. Lynch*, 802 F.3d 972, 974 (9th Cir. 2015). Accordingly, in order to reverse the BIA's finding under substantial evidence review, "we must find that the evidence not only *supports* that conclusion, but *compels* it." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

1.     Guzman's withholding of removal claim fails because substantial evidence supports the BIA's conclusion that Guzman was unable to show she would be persecuted because of her membership in a particular social group (PSG). Specifically, Guzman contends that she will be persecuted as a member of two proposed PSGs: (1) "Guatemalan family members of a United States resident"; and (2) "Ms. Guzman's father's family members."

The BIA concluded that Guzman failed to show her first proffered PSG was socially distinct because the record did not "demonstrat[e] that Guatemalan society

2

perceives her proposed group as a [PSG]." Where, as here, "the record is devoid of any society specific evidence, ... which would establish that [Guzman's first proposed PSG] [is] perceived or recognized as a group by society in Guatemala," the record does not compel the conclusion that the BIA erred in determining that "Guatemalan family members of a United States resident" is not a cognizable PSG. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020).

Regarding Guzman's second proposed PSG—"Ms. Guzman's father's family members"—the BIA agreed with the IJ that Guzman failed to demonstrate "that her membership in the group was or will be 'a reason' for the harm." *See also Lkhagvasuren v. Lynch*, 849 F.3d 800, 802 (9th Cir. 2016) ("The petitioner has the burden to prove that a nexus exists between the persecution and a protected ground."). The fact that Guzman and her daughters have been harmed is not enough to show a nexus—that is, that they were harmed *because* they were members of Ms. Guzman's father's family—and the record lacks evidence that the threats and harm against them were motivated by their kinship. *See id.* at 803 ("Where persecution did not occur on account of a protected ground, … claims for … withholding of removal necessarily fail."). Instead, the record supports the conclusion that Guzman "and her daughter were targeted for financial and illicit purposes, unrelated to

3

[Guzman's] family ties."[1]

**2.** Substantial evidence supports the BIA's conclusion that Guzman failed to meet her burden of proof under CAT. To qualify for CAT protection, Guzman bears the burden of proving "that 'it is more likely than not that … she would be tortured if removed to the proposed country of removal.'" *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004) (alteration in original) (quoting 8 C.F.R. § 208.16(c)(2)). While Guzman suffered harm in the past, she also lived unharmed in Guatemala for 18 months after her last incident and has not provided evidence that it is more likely than not that she will be tortured if she returns to Guatemala. The general atmosphere of violence in Guatemala and her general fear of gangs and crime is insufficient to meet the standard for CAT protection. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet this standard [under CAT]."). Therefore, substantial evidence supports the BIA's conclusion that Guzman is not eligible for CAT relief.

The petition for review is **DENIED**.[2]

---

[1] Given the lack of nexus, we need not address whether Guzman's proposed PSG made up of Ms. Guzman's father's family members is cognizable in this case. *But see Matter of L-E-A-*, 27 I. & N. Dec. 581, 581, 584 (2019).

[2] Because we deny the petition for review, we also deny as moot Guzman's motion for stay of removal (ECF No. 1).