**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABEL PENA-GONZALEZ, | No. 18-72025 |
| Petitioner, | Agency No. A205-530-212 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2021[**]
Pasadena, California

Before: GOULD, OWENS, and VANDYKE, Circuit Judges.

Abel Pena-Gonzalez (Pena) petitions for review of the Board of Immigration

Appeals' (BIA) order dismissing his appeal of an Immigration Judge's (IJ) decision

denying his request for withholding of removal and protection under the Convention

Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition for review.

We review the BIA's determination of purely legal questions de novo. *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir. 2000). The BIA's factual findings are reviewed for substantial evidence. *Rayamajhi v. Whitaker*, 912 F.3d 1241, 1243 (9th Cir. 2019). Under this deferential standard, factual findings are treated as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Singh v. Lynch*, 802 F.3d 972, 974 (9th Cir. 2015). Accordingly, in order to reverse the BIA's finding under substantial evidence review, "we must find that the evidence not only *supports* that conclusion, but *compels* it." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

**1.** Pena's withholding of removal claim fails because substantial evidence supports the BIA's conclusion that Pena was unable to show he would be persecuted because of his membership in a particular social group (PSG). Specifically, Pena contends that he will be persecuted as a member of three proposed PSGs: (1) "members of the Pena family"; (2) "persons oppressed by crime in Mexico"; and (3) "witnesses to crime in Mexico."

With respect to Pena's first proposed PSG, the BIA concluded that Pena failed to establish a sufficient nexus between the harm suffered by some of his family members and their family membership. *See Lkhagvasuren v. Lynch*, 849 F.3d 800, 802 (9th Cir. 2016) ("The petitioner has the burden to prove that a nexus exists

2

between the persecution and a protected ground."). The fact that some of Pena's family members have been harmed is not enough to show a nexus—that is, that they were harmed *because* they were members of the Pena family—and the record lacks evidence that the threats and harm against such family members were motivated by their kinship.[1] *See id.* at 803 ("Where persecution did not occur on account of a protected ground … claims for … withholding of removal necessarily fail."). In addition, Pena's mother, two sisters, one of his brothers, and extended family members continue to live unharmed in Talpa, Mexico, Pena's hometown. As a result, the record does not compel the conclusion that Pena would be persecuted because he is a member of the Pena family.[2]

The BIA did not err in concluding that Pena's second proposed group—"persons oppressed by crime in Mexico"—does not qualify as a PSG. *See Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010) ("Whether a group constitutes a [PSG] ... is a question of law we review de novo.") (citation omitted). This proposed social group "is too broad to qualify as a cognizable" PSG because "[i]ndividuals falling within the parameters of this sweeping demographic division naturally manifest a

---

[1] The record provides "no indication [that] the gang members or other criminals had an animus against [Pena] and his family members based on their biological ties, historical status, or other features unique to the family unit."

[2] Given the lack of nexus, we need not address whether Pena's proposed PSG made up of members of the Pena family is cognizable in this case. *But see Matter of L-E-A-*, 27 I. & N. Dec. 581, 581, 584 (2019).

plethora of different lifestyles, varying interests, diverse cultures, and contrary political leanings." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (alteration in original) (citation omitted). This proposed PSG is also impermissibly defined by the harm asserted because the individuals in the group do not share "a narrowing characteristic ... without reference to feared persecution." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1087 (9th Cir. 2020). For instance, if the feared harm—being oppressed by crime—is removed from the group's definition, we are simply left with "people in Mexico." In addition, Pena was not himself directly harmed by gangs when he was in Mexico, and Pena's generalized fear of crime and violence cannot serve as a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by ... random violence by gang members bears no nexus to a protected ground.").

Regarding his third proffered PSG—"witnesses to crime in Mexico"—the record contains no evidence that Pena witnessed any crimes or testified against gang members. To the contrary, Pena testified that he did not witness any of the crimes against his family members, and he said that he would not report the gangs to the police if he returned to Mexico. Even though people who testify against gang members in criminal prosecutions may gain the necessary social visibility to qualify as a PSG, *see, e.g.*, *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092 (9th Cir. 2013),

the record does not compel the conclusion that Pena is a member of that group.

**2.**     Substantial evidence also supports the BIA's conclusion that Pena is not entitled to protection under CAT. To qualify for CAT protection, Pena bears the burden of proving "that 'it is more likely than not that … [he] would be tortured if removed to the proposed country of removal.'" *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004) (first alteration in original) (quoting 8 C.F.R. § 208.16(c)(2)). Notwithstanding the number of tragic incidents that have affected his family, Pena has not provided evidence that he is any more likely than the average citizen to be tortured if he returns to Mexico. Therefore, substantial evidence supports the BIA's conclusion that Pena is not eligible for CAT relief. *See Delgado-Ortiz*, 600 F.3d at 1152 ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet this standard [under CAT].").

The petition for review is **DENIED**.