**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORGE DUENAS QUINTO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-919

Agency No.    A206-236-922

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 07, 2023[**]
San Francisco, California

Before: FRIEDLAND and R. NELSON, Circuit Judges, and KATZMANN,[***] Judge.

Jorge Duenas Quinto, a Peruvian native and citizen, petitions for review of

the Board of Immigration Appeals' (BIA) affirmance of an Immigration Judge's

(IJ) denial of his applications for asylum and withholding of removal under the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

Immigration and Nationality Act and withholding of removal under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017).

"We review the BIA's denials of asylum, withholding of removal, and CAT relief for 'substantial evidence' and will uphold a denial supported by 'reasonable, substantial, and probative evidence on the record considered as a whole.'" *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (quoting *Kamalyan v. Holder*, 620 F.3d 1054, 1057 (9th Cir. 2010)). "In order to reverse the BIA, we must determine that the evidence not only *supports* a contrary conclusion, but *compels* it—and also compels the further conclusion that the petitioner meets the requisite standard for obtaining relief." *Id.* (cleaned up). "Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (quoting *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012)).

1. Duenas Quinto contends that the BIA and IJ erred in denying his asylum application after determining that the Shining Path did not persecute him on account of his political opinion or membership in a particular social group. *See* 8 U.S.C. § 1101(a)(42). He argues that he was persecuted on account of his imputed political opinion, or in the alternative, for remaining politically neutral when it was hazardous to do so. The BIA and IJ found that Duenas Quinto was not persecuted on account of his political opinion; he was threatened to obtain

2

information about his aunt and was subject to recruitment efforts for his intelligence.

Duenas Quinto's brief asserts only that he and his family opposed the Shining Path. He has not presented evidence of persecution based on this opposition or any other political stance. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992) (holding that petitioner must show persecution *because of* his political opinion, not just refusal to join criminal organization); *Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017) ("[I]f the persecutor has no idea what the victim's political opinion is and does not care what it is, then even if the victim does reasonably fear persecution, it would not be 'on account of' the victim's political opinion."); *Navas v. INS*, 217 F.3d 646, 659 (9th Cir. 2000) ("To establish imputed political opinion, an applicant must show that his persecutors actually imputed a political opinion to him." (internal quotation marks and citation omitted)). The BIA and IJ's rejection of this protected ground is supported by substantial evidence.

Duenas Quinto also argues that because he was threatened by the Shining Path to gain information about his aunt's whereabouts, he has shown persecution on account of his membership in a particular social group: his aunt's family. The BIA and IJ found that Duenas Quinto had not shown the requisite nexus because the Shining Path did not threaten Duenas Quinto based on animus toward his family, but to obtain information about his aunt's location. The BIA and IJ both

3

relied on *Matter of L-E-A-*, 27 I. & N. Dec. 40, 45 (B.I.A. 2017),[1] which held that "the fact that a persecutor targets a family member simply as a means to an end is not, by itself, sufficient to establish a claim, especially if the end is not connected to another protected ground." The BIA further noted that no other family members were threatened by the Shining Path.

Reviewing the BIA and IJ's findings about a persecutor's motive for substantial evidence, *Lkhagvasuren v. Lynch*, 849 F.3d 800, 803 (9th Cir. 2016) (per curiam), the record supports the agency's conclusion that any persecution or fear of future persecution Duenas Quinto experienced was not based on his family membership but because of the Shining Path's desire to locate his aunt. The record also supports the BIA and IJ's conclusion that Duenas Quinto was targeted "simply as a means to an end." *See Matter of L-E-A-*, 27 I. & N. Dec. at 45; *see also id.* at 45–47. The evidence does not compel a contrary result, so we must uphold the BIA's decision.[2] *Parussimova v. Mukasey*, 555 F.3d 734, 738 (9th Cir. 2009).

---

[1] A portion of *Matter of L-E-A*, 27 I & N. Dec. 40 (B.I.A. 2017) that is not relevant here was overruled by the Attorney General. *See Matter of L-E-A-*, 27 I. & N. Dec. 581 (A.G. 2019). But that decision was later "vacated in its entirety" by the Attorney General—thereby reinstating the BIA's 2017 decision. *Matter of L-E-A-*, 28 I & N. Dec. 304 (A.G. 2021).

[2] The Government does not defend the IJ's determination that Duenas Quinto's asylum claim was time-barred or the IJ's determination that he would have denied asylum as a matter of discretion had Duenas Quinto demonstrated the required nexus. Thus, like the BIA, we presume Duenas Quinto timely filed his asylum application and need not address the IJ's denial as a matter of discretion.

4

2.      Because the BIA's denial of Duenas Quinto's asylum application is supported by substantial evidence, Duenas Quinto has likewise not satisfied the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

3.      Duenas Quinto also contends that the BIA erred in denying CAT relief because he presented evidence that the Peruvian government cannot control the Shining Path. To be eligible for CAT relief, Duenas Quinto must show that "it is more likely than not" that a government official will inflict, instigate, consent to, or acquiesce in his torture. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). The BIA and IJ found that rather than acquiesce to the Shining Path's criminal activity, the Peruvian government actively combats the Shining Path and has generally succeeded in those efforts. In any event, evidence that the government cannot stop the torture is not evidence that the government acquiesces in the torture. *Garcia-Milian*, 755 F.3d at 1034 ("A government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it." (cleaned up)).

**PETITION DENIED.**

5