NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Diana Caroline Flores-Serrano; Fernanda Elizabeth Aguilar-Flores,

Petitioners,

v.

Merrick B. Garland, U.S. Attorney General,

Respondent.

No. 21-124

Agency Nos.     A209-300-676
                A209-300-677

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2023[**]
Pasadena, California

Before: PAEZ, MILLER, and VANDYKE, Circuit Judges.

Diana Caroline Flores-Serrano and her minor child petition for review of

the Board of Immigration Appeals' ("BIA") order dismissing their appeal from

the Immigration Judge's ("IJ") denial of their applications for asylum,

withholding of removal, and relief under the Convention Against Torture

("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA adopts the IJ's decision without opinion, we review the IJ's decision as the final agency action. *Tapia v. Gonzales*, 430 F.3d 997, 999 (9th Cir. 2005). We review for substantial evidence the factual determinations underlying a denial of asylum and a determination that the petitioner is not eligible for relief under CAT. *Gui v. I.N.S.*, 280 F.3d 1217, 1228 (9th Cir. 2002) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)); *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003). We deny the petition for review.

**1. Asylum and Withholding of Removal.** "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of . . . membership in a particular social group.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)).

Substantial evidence supports the IJ's determination that Flores-Serrano failed to demonstrate a likelihood of persecution. The incidents described by Flores-Serrano do not rise to the level of past persecution contemplated by the Immigration and Nationality Act. *See* 8 C.F.R. § 1208.13(b)(1). Although threats alone can constitute past persecution, "[u]nfulfilled threats are very rarely sufficient to rise to the level of persecution." *Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021). We are "most likely to find persecution where threats are repeated, specific and combined with confrontation or other mistreatment." *Sharma*, 9 F.4th at 1062 (quoting *Duran-Rodriguez v. Barr*, 918 F.3d 1025,

2

1028 (9th Cir. 2019)). Flores-Serrano did not present such evidence here, especially as it is not clear that the three gang-related incidents to which she testified were in any way related. Substantial evidence also supports the IJ's determination that Flores-Serrano did not demonstrate a well-founded fear of future persecution. Although Flores-Serrano testified credibly and established a subjective fear of persecution, *Gui*, 280 F.3d at 1228, she has not met her burden to show that such fear is "objectively reasonable." *Id.* (quoting *Ladha v. INS*, 215 F.3d 889, 897 (9th Cir. 2000)). There is no evidence that gangs are looking for Flores-Serrano, and her immediate family members in El Salvador have not faced harassment.

Moreover, even if Flores-Serrano had established a likelihood of persecution, substantial evidence supports the IJ's finding that she failed to establish that she was persecuted because she is a member of a protected group. She proposed two particular social groups: (1) individuals who oppose gang membership and authority; and (2) individuals who took concrete steps to oppose gang membership and authority. The IJ found that the first group lacked particularity and that Flores-Serrano did not demonstrate membership in the second group, as she merely avoided confrontations with the gang and filed a police report with the National Civil Police of El Congo, Santa Ana Department, once she reached the United States. *See, e.g.*, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (holding that the proposed group of "young men in El Salvador resisting gang violence[] is too loosely

3

defined to meet the requirement for particularity"), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *Henriquez-Rivas*, 707 F.3d at 1093 (distinguishing "the very specific situation of testifying against gang members in court").

Thus, Flores-Serrano's claim for asylum fails. Her claim for withholding of removal necessarily also fails. *See Lkhagvasuren v. Lynch*, 849 F.3d 800, 803 (9th Cir. 2016).

**2. Convention Against Torture.** To establish a claim under CAT, Flores-Serrano must show that it is more likely than not that she will be tortured if removed to El Salvador. *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam). Torture under CAT is "an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment." *Id.* (quoting *Al-Saher v. I.N.S.*, 268 F.3d 1143, 1147 (9th Cir. 2001) (quoting 8 C.F.R. § 208.18(a)(2))). Because the IJ "could reasonably conclude that [Flores-Serrano's] past harm did not rise to the level of persecution, it necessarily falls short of the definition of torture." *Sharma*, 9 F.4th at 1067. Substantial evidence supports the IJ's determination that Flores-Serrano failed to show that she would be subject to torture if returned to El Salvador.

The motion to stay removal (Dkt. No. 2) is denied.

**PETITION DENIED.**

4