NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MILTON ALDANA-VASQUEZ,<br><br>        Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 22-1313<br><br>Agency No.<br>A208-569-729<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 26, 2024[**]
Seattle, Washington

Before: WARDLAW and MILLER, Circuit Judges, and CORLEY, District Judge.[***]

    Milton Aldana-Vasquez, a native and citizen of Guatemala, petitions for

review of a decision of the Board of Immigration Appeals affirming an

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Jacqueline Scott Corley, United States District Judge for the Northern District of California, sitting by designation.

immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. We review the Board's nexus determination for substantial evidence.[1] *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023). Under that standard, we must accept the agency's findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4); *see Garland v. Ming Dai*, 593 U.S. 357, 365 (2021).

Eligibility for asylum and withholding of removal requires that an applicant establish a nexus between persecution and a protected ground. *Lkhagvasuren v. Lynch*, 849 F.3d 800, 802 (9th Cir. 2016) (per curiam) (as amended); *see Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023) ("A nexus between the harm and a protected ground is a necessary element of asylum and withholding of

---

[1] We have previously reviewed the Board's nexus determinations for substantial evidence. *See, e.g., Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023). We have also described the issue of "whether a persecutor's motives meet the nexus legal standards" as legal, not factual. *Umana-Escobar v. Garland*, 69 F.4th 544, 551–53 (9th Cir. 2023); *cf. U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Village at Lakeridge, LLC*, 583 U.S. 387, 394, 395–96 (2018) (noting that "the standard of review for a mixed question all depends on whether answering it entails primarily legal or factual work"). We need not consider whether de novo review might be appropriate in this case, however, because Aldana-Vasquez has not established nexus under either standard. *Cf. Fon v. Garland*, 34 F.4th 810, 813 n.1 (9th Cir. 2022) (declining to address whether de novo review applied because the outcome was the same under any standard).

removal."). Here, the Board upheld the immigration judge's finding "that there is no nexus between the harm that [Aldana-Vasquez] encountered and feared and a protected ground of relief."

Assuming without deciding that Aldana-Vasquez has preserved a challenge to that finding, we conclude that substantial evidence supports the Board's determination that he failed to establish a nexus between any harm and a protected ground.[2] Aldana-Vasquez repeatedly testified that anonymous criminal groups extorted him because of his perceived wealth, and he conceded that he was not persecuted on other protected grounds. "Random, isolated criminal acts perpetrated by anonymous thieves do not establish persecution." *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004). Because "[t]he lack of a nexus to a protected ground is dispositive of [the] asylum and withholding of removal claims," we decline to further address those issues. *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

2. Because Aldana-Vasquez's opening brief did not challenge the Board's determination that he is ineligible for CAT relief, he has forfeited any challenge to that determination. *See Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021).

---

[2] Aldana-Vasquez does not argue that the Board applied an incorrect standard of review to the immigration judge's determination.

**PETITION DENIED.**