**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 1 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRETT DOUGLAS CLARKE, AKA Brett Clarke, <br><br>          Petitioner, <br><br>     v. <br><br> PAMELA BONDI, Attorney General, <br><br>          Respondent. | No.    15-72733 <br><br> Agency No. A095-803-694 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2025**
Pasadena, California

Before: CLIFTON, OWENS, and DE ALBA, Circuit Judges.

Brett Douglas Clarke, a native and citizen of South Africa, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the Immigration Judge's ("IJ") decision denying his application for withholding of removal. As the parties are familiar with the facts, we do not

---

       *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       **       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

recount them here. We deny the petition for review.

"Where the BIA writes its own decision, as it did here, [this court] review[s] the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020).

1. This court reviews for substantial evidence the BIA's determination that a petitioner has failed to establish eligibility for withholding of removal. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). Under this standard, we must uphold the agency's determination unless the evidence in the record compels a conclusion to the contrary. *Id.*

Substantial evidence supports the BIA's determination that Clarke failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground, as required to qualify for withholding of removal.[1] *See Rodriguez-Zuniga*, 69 F.4th at 1016. The record shows only that Clarke, and on one occasion his brother, were victims of criminal activity, which does not, by

---

[1] That the BIA concluded that Clarke failed to show that an enumerated ground "was or will be a central reason for his being targeted," rather than merely "a reason," is immaterial to our disposition. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Because Clarke failed to demonstrate that the perpetrators were motivated by any protected ground at all, his withholding of removal claim fails regardless of the nexus standard applied. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023) ("[W]here, as here, the agency concludes that the petitioner has not shown *any* nexus whatsoever, then the petitioner fails to establish past persecution for both asylum and withholding.") (emphasis in original).

2

itself, establish a nexus to a protected ground. Clarke did not present the agency with any evidence that a protected ground motivated the perpetrators. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) ("[T]he statute makes motive critical"); *Rodriguez-Zuniga*, 69 F.4th at 1019 (denying petition for review where petitioner failed to show that a protected characteristic motivated the perpetrator).

Clarke's claim rests, at most, on his fear of generalized crime in South Africa. Fear of generalized crime and violence, however, does not provide a basis for withholding of removal. *See id.* at 1024 (concluding that relief is not available to those who have suffered criminal acts abroad unrelated to a protected ground); *Barajas-Romero*, 846 F.3d at 357 ("For purposes of . . . withholding of removal, it is not enough that a person comes from a wretched place, where life will most probably be far worse than if he remains in the United States.").

Accordingly, the record does not compel the conclusion that Clarke would be persecuted in South Africa on account of a protected ground, and therefore, his withholding claim fails. *See Lkhagvasuren v. Lynch*, 849 F.3d 800, 803 (9th Cir. 2016) ("Where persecution did not occur on account of a protected ground . . . claims for . . . withholding of removal necessarily fail.").[2]

2. To the extent Clarke argues that he is entitled to protection under the

---

[2] Because the BIA's nexus determination is dispositive, we need not otherwise address Clarke's broad assertion that he established past persecution. *See INS v. Bagamasbad*, 429 U.S. 24, 25–26 (1976).

Convention Against Torture, we decline to consider his claim because he failed to exhaust it before the agency. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (noting that administrative exhaustion under 8 U.S.C. § 1252(d)(1), while not jurisdictional, is a claim-processing rule that the court "must enforce" when it is "properly raise[d]") (internal quotation marks and citation omitted).

**PETITION FOR REVIEW DENIED**.