**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILBER ALBERTO ALAS-PREZA; W. A. A.-L.; DELMY GUADALUPE LOPEZ-DE ALAS; F. M. A.-L., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-1676 <br><br> Agency Nos. <br> A208-975-763 <br> A208-975-943 <br> A209-427-626 <br> A209-427-627 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2026**
Pasadena, California

Before: TALLMAN, RAWLINSON, and HAMILTON,*** Circuit Judges.

Wilber Alberto Alas-Preza (Alas-Preza), his spouse, Delmy Guadalupe

Lopez-De Alas (Lopez-De Alas), and their minor children, W.A.A.-L. and F.M.A.-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David F. Hamilton, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

L. (together, Petitioners), natives and citizens of El Salvador, petition for review of a decision of the Board of Immigration Appeals (BIA) dismissing their appeal from an order of an immigration judge (IJ) denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]  We deny the petition.

"When the BIA adopts the IJ's decision, we review the BIA's decision and those parts of the IJ's decision upon which it relied. . . ."  *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022) (citation omitted).  We review "the BIA's legal conclusions de novo," *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021), and its factual findings under the deferential standard of substantial evidence.  Under this standard, only "evidence [that] compels a conclusion contrary to the BIA's" warrants granting a petition for review.  *Singh v. Bondi*, 130 F.4th 1142, 1148 (9th Cir. 2025) (citation omitted).

**1**.     Substantial evidence supports the agency's determination that Petitioners failed to establish past persecution.  Lopez-De Alas was threatened over the phone by gang members, but the threats were relatively nonspecific and were not accompanied by violence.  We have concluded that these types of threats do not rise to the level of persecution.  *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) (observing that "threats by phone and in person,

[1] Alas-Preza's spouse and their children are derivative beneficiaries.

without acts of violence, [do] not compel finding past persecution") (citation omitted). The unrelated robberies experienced by Alas-Preza while at work, and the attack on Alas-Preza's son, did not result in serious injury. *See Singh v. Bondi*, 161 F.4th 560, 566 (9th Cir. 2025) (explaining that "[b]eatings without serious injuries do not compel a finding of past persecution") (citation omitted).

Substantial evidence also supports the agency's determination that Petitioners "did not establish a well-founded fear on account of a protected ground." Petitioners did not provide any evidence illustrating that their proposed particular social group (PSG) of "families who have actively resisted gang recruitment by the mara,"[2] is socially distinct. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020) (holding that a PSG "is not cognizable" when it lacks "society-specific evidence of social distinction"). And we have not recognized general resistance to gangs as a protected ground. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092-93 (9th Cir. 2013).

Finally, substantial evidence supports the conclusion that Petitioners failed to demonstrate a nexus between the feared harm and membership in their PSG. *See Lkhagvasuren v. Lynch*, 849 F.3d 800, 802 (9th Cir. 2016), *as amended*

---

[2] On appeal to the BIA, and now before this Court, Petitioners assert a particular social group of "the family unit." Because this argument was not made before the IJ, the BIA did not consider it, and neither will we. *See Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018) (explaining that we "may review any issues addressed on the merits by the BIA") (citation omitted).

(explaining the petitioner's burden to establish a nexus); *see also Corpeno-Romero v. Garland*, 120 F.4th 570, 580 (9th Cir. 2024) (clarifying that for asylum a petitioner is required to show that a protected ground is "one central reason" for the persecution, and for withholding of removal that a protected ground is "a reason"). As noted, Petitioners' PSG of "families who have actively resisted gang recruitment" is not cognizable, and the record does not contain any evidence that any harm was motivated by Alas-Preza's brief stint in the military. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010), *as amended* (explaining that "random criminal acts [bear] no nexus to a protected ground"). Because Petitioners failed to establish a nexus, their claims for asylum and withholding of removal fail. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023).

2.      To obtain relief under the CAT, a petitioner "must establish that it is more likely than not that he or she would be tortured if removed." *Hernandez v. Garland*, 52 F.4th 757, 768-69 (9th Cir. 2022) (citation and internal quotation marks omitted). Any torture "must be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Edgar G.C. v. Bondi*, 136 F.4th 832, 845 (9th Cir. 2025), *as amended* (citation omitted). The threat of torture must also be "particularized." *Gutierrez v. Garland*, 106 F.4th 866, 880 (9th Cir. 2024) (citation omitted).

Substantial evidence supports the agency's determination that Petitioners

failed to establish eligibility for relief under the CAT.  Petitioners' evidence of political corruption, generalized violence, violence against women, and human rights violations was not particularized.  *See Gutierrez*, 106 F.4th at 880; *see also Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019) (observing that "generalized evidence of violence and crime . . . is insufficient to meet the CAT standard") (citation and alteration omitted).  *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706-07 (9th Cir. 2022), *as amended* (explaining that evidence of government corruption is not particularized).

**PETITION DENIED.**[3]

---

[3] The stay of removal will remain in place until the mandate issues. The motion to stay removal (Dkt. # 3) is otherwise denied.