NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| NAPOLEON GUZMAN, | No. 16-70968 |
| Petitioner, | Agency No. A095-013-089 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]
Pasadena, California

Before: CALLAHAN and VANDYKE, Circuit Judges, and EZRA,[***] District Judge.

Petitioner Napoleon Guzman ("Petitioner") petitions for review of a decision

of the Board of Immigration Appeals ("BIA") affirming the order of an Immigration

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Judge ("IJ") denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the decision that an alien has not established eligibility for withholding of removal or CAT protection for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). Additionally, the agency's "factual findings, including adverse credibility determinations," are reviewed for substantial evidence. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). Under the deferential substantial evidence standard, unless the evidence compels a conclusion otherwise, we must affirm the agency's decision. *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010).

Substantial evidence supports the adverse credibility finding as to Petitioner. The agency can base its adverse credibility finding on the totality of the circumstances, which include "the applicant's responsiveness, consistency between written and oral statements, the internal consistency of those statements, and any inaccuracies or falsehoods." *Garcia*, 749 F.3d at 789.

Petitioner's testimony was inconsistent with documentary evidence. To support his claim for persecution, Petitioner provided a declaration and testimony that his brother had been killed and that he and his family received threats. The testimony about his brother's death contradicted his declaration in several ways, as

2

noted by the IJ and BIA. First, Petitioner's testimony was that his brother was killed at twenty years old, which directly contradicts the documentary evidence he submitted that his brother was killed at thirty years old. Second, Petitioner testified that his brother just disappeared one afternoon, but his declaration stated that his brother was kidnapped from his house at night. Third, Petitioner testified that gang members killed his brother, but his declaration refers to guerillas as being responsible for his brother's death.

Petitioner's testimony regarding the alleged threats he and his family received was also inconsistent with his declaration. Petitioner testified that his mother and sister received anonymous notes starting after he was already in the United States, but his declaration only mentioned receiving threatening telephone calls that started while he was still in El Salvador. In his testimony, he further confirmed that the only way "they conveyed threats to [him] and [his] family" was by anonymous notes on paper.

The IJ must provide Petitioner with a reasonable opportunity to explain inconsistencies, *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007), but may reject explanations that are unreasonable or implausible. *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011), *overruled in part on other grounds* by *Alam v. Garland*, 11 F.4th 1133, 1135–37 (9th Cir. 2021). Here, Petitioner failed to provide plausible or reasonable explanations for the discrepancies. He tried to resolve the discrepancy

3

over who killed his brother by claiming that guerillas eventually became gang members. He also attempted to explain his testimony that he and his family only received threats on paper by claiming he was confused by the questioning.

However, Petitioner's explanations do not compel the conclusion that Petitioner's testimony was credible or that the IJ failed to give Petitioner the opportunity to explain inconsistencies or fully develop the record. The inconsistencies in the record provide substantial support for the agency's denial of relief on adverse credibility grounds.

Substantial evidence also supports the agency's finding that Petitioner did not establish eligibility for withholding of removal. Even if the IJ found Petitioner's testimony credible, there is little evidence in the record that supports Petitioner's fear of persecution or that any harm he would face would be on account of a protected ground. There is no evidence that anyone besides Petitioner's brother had any issues with gang members or guerillas, and his brother's death happened twenty years ago. And the fact that Petitioner's mother and three sisters continue to live in El Salvador without trouble and have done so for the last twenty years—even if they avoid trouble by paying the gangs—undercuts his fear of future persecution. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) (holding that fear of future persecution is undercut when similarly situated family members live in the Petitioner's home country unharmed).

4

Additionally, Petitioner did not identify any particular social group in which he was a member in either his application or testimony. Petitioner later described his particular social group as "family members of former military members who have been tortured and killed for being considered guerilla enemies" for the first time in his appeal to the BIA. The BIA properly did not consider this argument because issues not raised before and decided by the IJ are not properly before the Board on appeal. *See Matter of A-T-*, 25 I&N Dec. 4, 10 (BIA 2009); *Matter of Jimenez*, 21 I&N Dec. 567, 570 n.2 (BIA 1996). Moreover, Petitioner must prove by a "clear probability" that he would suffer persecution upon return on account of a protected ground. *INS v. Stevic*, 467 U.S. 407, 424–25 (1984). On this record, Petitioner has failed to establish that he would be persecuted on account of a protected ground.

Lastly, substantial evidence supports the agency's finding that Petitioner did not establish eligibility for CAT protection. "To qualify for CAT protection, a petitioner must show it is more likely than not he or she would be tortured if removed to the country of origin." *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010) (citing 8 C.F.R. § 208.16(c)(2)). The only evidence that could possibly establish a clear probability of torture was Petitioner's testimony that he believed he might face torture if he returned to El Salvador—testimony which the agency found lacked credibility—and reports of general country conditions of gang violence.

However, Petitioner's "speculative fear of torture is not sufficient to satisfy" the burden for CAT relief. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1147 (9th Cir. 2021) (stating that CAT protection relies entirely on an objective basis of fear). Additionally, "generalized evidence of violence and crime . . . is not particular to Petitioner[] and is insufficient to meet" the standard for CAT protection. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Therefore, the evidence does not compel the conclusion that Petitioner was entitled to CAT protection.

**PETITION DENIED**.